WRIGHT, FINLAY & ZAK, LLP
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Natalie C. Lehman, Esq.
Nevada Bar No. 12995
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
dnitz@wrightlegal.net
nlehman@wrightlegal.net
*Attorneys for Plaintiff,*
*U.S. Bank National Association, as trustee, in trust for registered holders of First Franklin*
*Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE ASSET-BACKED CERTIFICATES, SERIES 2007-FF1,<br><br>            Plaintiff,<br><br>    vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada Limited Liability Company; D'ANDREA COMMUNITY ASSOCIATION, a Domestic Non-profit Corporation; ALESSI & KOENIG, LLC, a Domestic Limited Liability Company; SIENA HOMEOWNERS ASSOCIATION, a Domestic Non-Profit Corporation; THE CLARKSON LAW GROUP, P.C.; a Nevada Professional Corporation,<br><br>            Defendants. | Case No.:<br><br><br>**U.S. BANK, N.A.'S COMPLAINT FOR QUIET TITLE, WRONGFUL FORECLOSURE, AND DECLARATORY RELIEF** |

COMES NOW Plaintiff, U.S. Bank National Association, as trustee, in trust for registered holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1 (hereinafter "U.S. Bank" or "Plaintiff"), by and through its

attorneys of record, Dana Jonathon Nitz, Esq. and Natalie C. Lehman, Esq., of the law firm of Wright, Finlay & Zak, LLP, and hereby files this civil action against the Defendants.

## INTRODUCTION

1.      This action is within the jurisdictional limits of this Court and this Venue is appropriate because the Property involved is located within the jurisdiction of this Court. Plaintiff is also authorized to bring this action in the State of Nevada by NRS 40.430.

2.      The real property which is the subject of this civil action consists of a residence commonly known as 2546 Napoli Drive, Sparks, Nevada 89434, APN 402-283-13 (hereinafter "Property").

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as all Plaintiff are "citizens of different States" from all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Defendants reside in this district; a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district; and the property that is the subject of this action is situated in this district, in Sparks, Washoe County, Nevada.

## PARTIES

5.      Plaintiff is a U.S. Bank is a national banking association chartered under the laws of the United States with its principal place of business in Ohio, and authorized to do business in the State of Nevada. "[A]ll national banking associations shall, for the purposes of ... actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. §1348.  For diversity jurisdiction purposes, a national bank is located solely in the state designated as its main office (and not in every state where it has branch offices).  *Wachovia Bank v. Schmidt, 546 U.S. 303,* 308-319 (2006).  US Bank's main office is located in the State of Ohio. As such, US Bank is a citizen of Ohio for purposes of diversity of citizenship jurisdiction.

6.      Plaintiff is now and at all times relevant, for the purposes of seeking declaratory relief and quiet title as the assigned Beneficiary under a Promissory Note and Deed of Trust

signed by Troy Rheaume, a single man as his sole and separate property and Troy T. Owen, as a single man as his sole and separate property, as joint tenants (hereinafter, and collectively "Rheaume"), and recorded on November 30, 2006, (hereinafter "Rheaume Deed of Trust"), which is secured by the Property.

7.      Upon information and belief, Defendant, SFR Investments Pool 1, LLC (hereinafter "SFR"), is a domestic limited liability company, licensed to do business in the State of Nevada, and claims to be the current titleholder of the Property.

8.      Upon information and belief, the Defendant, D'Andrea Homeowners Association (hereinafter the "D'Andrea HOA"), is a domestic non-profit co-op corporation, licensed to do business in the State of Nevada.

9.      Upon information and belief, Defendant, Alessi & Koenig, LLC (hereinafter "Alessi"), is a domestic limited liability company, licensed to do business in the State of Nevada, and was the HOA Trustee for D'Andrea HOA at the foreclosure sale of the Property.

10.     Upon information and belief, the Defendant, Siena Homeowners Association (hereinafter the "Siena HOA"), is a domestic non-profit co-op corporation, licensed to do business in the State of Nevada.

11.     Upon information and belief, The Clarkson Law Group, LLC (hereinafter "Clarkson"), is a Nevada professional corporation doing business in the State of Nevada and is the HOA Trustee for Siena HOA.

12.     Upon information and belief, Alessi is the agent of D'Andrea HOA, and the HOA is responsible for their acts and omissions under the doctrine of respondeat superior.

13.     Upon information and belief, Clarkson is the agent of Siena HOA, and the HOA is responsible for their acts and omissions under the doctrine of respondeat superior.

## FACTUAL BACKGROUND

14.     On or about November 30, 2006, Rheaume purchased the Property.[1]

---

[1] A true and correct copy of the Grant Bargain Sale Deed recorded in the Washoe County Recorder's Office as Book and Instrument Number 3469201 is attached to Plaintiff's Complaint as **Exhibit 1**. All other recordings stated hereafter are recorded in the same manner.

15. The Deed of Trust executed by Rheaume identified First Franklin, a division of National City Bank as the Lender, Mortgage Electronic Registration Systems, Inc. (MERS), solely as nominee for Lender, as the beneficiary, Western Title as the Trustee, and secured an amount of $236,000.00.[2]

16. On February 2, 2009, MERS assigned all of its right, title and interest in the Deed of Trust to LaSalle Bank National Association, as Trustee for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1.[3]

17. On December 14, 2010, Bank of America, N.A., successor by merger to LaSalle Bank National Association, as Trustee for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1, assigned all of its right, title and interest in the Deed of Trust to U.S. Bank, National Association, as successor Trustee to Bank of America, N.A., as Successor by merger to LaSalle Bank, N.A., as Trustee for the Holders of the First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1.[4]

18. On August 30, 2011, U.S. Bank, National Association, as successor Trustee to Bank of America, N.A., as Successor by merger to LaSalle Bank, N.A., as Trustee for the Holders of the First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1, assigned all of its right, title and interest in the Deed of Trust to LaSalle Bank, N.A., as Trustee for the Holders of the *Merrill Lynch* First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1.[5]

19. On October 7, 2013, MERS, Inc., as nominee for First Franklin, a Division of National City Bank and its successors and assigns, assigned all of its right, title and interest in the Deed of Trust to U.S. Bank National Association, as trustee, in trust for registered holders of

[2] A true and correct copy of the Deed of Trust recorded as Book and Instrument Number 3469202 is attached to Plaintiff's Complaint as **Exhibit 2.**
[3] A true and correct copy of the Assignment of Deed of Trust recorded as Book and Instrument Number 3725541 is attached to Plaintiff's Complaint as **Exhibit 3.**
[4] A true and correct copy of the Assignment of Deed of Trust recorded as Book and Instrument Number 3953205 is attached to Plaintiff's Complaint as **Exhibit 4.**
[5] A true and correct copy of the Assignment of Deed of Trust recorded as Book and Instrument Number 4035941 is attached to Plaintiff's Complaint as **Exhibit 5.**

First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1. [6]

20.     On June 29, 2010, a Notice of Delinquent Assessment Lien was recorded by Alessi on behalf of D'Andrea HOA. [7]

21.     On October 13, 2010, a Notice of Default and Election to Sell Under Homeowners Association Lien was recorded by Alessi on behalf of D'Andrea HOA against the Property. [8]

22.     On March 13, 2013, a Notice of Trustee's Sale was recorded against the Property by Alessi on behalf of D'Andrea HOA. [9]

23.     On April 2, 2013, Bank of America, N.A. (hereinafter, "BANA"), the prior beneficiary and servicer, through prior counsel, Miles Bauer Bergstrom & Winters, LLP (hereinafter, "MBBW"), requested a current HOA lien payoff demand and account ledger from Alessi. [10]

24.     On April 11, 2013, MBBW received a payoff demand from Alessi (the "Payoff Demand"), which did not include a statement of the super priority lien amount. [11]

25.     The Payoff Demand included a breakdown of past due assessments, fees, costs and an account ledger from D'Andrea HOA showing that the monthly assessment was $32.00.

26.     The Payoff Demand showed the total assessments due to be $1,724.00, nearly four and a half years' worth of assessments, however the total amount demanded by the Alessi to

---

[6] A true and correct copy of the Assignment of Deed of Trust recorded as Book and Instrument Number 4287157 is attached to Plaintiff's Complaint as **Exhibit 6.**
[7] A true and correct copy of the Notice of Delinquent Assessment Lien recorded as Book and Instrument Number 3896309 is attached to Plaintiff's Complaint as **Exhibit 7.**
[8] A true and correct copy of the Notice of Default and Election to Sell Under Homeowners Association Lien recorded as Book and Instrument Number 3932339 is attached to Plaintiff's Complaint as **Exhibit 8.**
[9] A true and correct copy of the Notice of Trustee's Sale recorded as Book and Instrument Number 4214672 is attached to Plaintiff's Complaint as **Exhibit 9.**
[10] A true and correct copy of a letter dated April 2, 2013 from MBBW to Alessi is attached to Plaintiff's Complaint as **Exhibit 10.**
[11] A true and correct copy of the Payoff Demand dated April 11, 2013 from Alessi is attached here to Plaintiff's Complaint as **Exhibit 11.**

1    prevent the foreclosure sale was three times this amount at $5,812.49.

2        **27.**    Based on the account ledger provided by Alessi, MBBW determined that the

3    super priority lien, which would be equal to nine (9) months' worth of assessments, was $288.00.

4        **28.**    On April 18, 2013, MBBW on behalf of BANA, tendered super priority lien

5    payoff in the amount of $288.00 to Alessi.[12]

6        **29.**    On April 19, 2013, Alessi acknowledged and confirmed receipt of the letter and

7    super priority payoff check.[13]

8        **30.**    MBBW records indicate that the super lien payoff was rejected by Alessi on or

9    about May 3, 2013.[14]

10       **31.**    On June 14, 2013 a Trustee's Deed Upon Sale was recorded, wherein SFR

11   Investments Pool 1, LLC was stated as the grantee and allegedly paid $9,000.00 at a sale held by

12   Alessi on behalf of D'Andrea HOA.[15]

13       **32.**    Upon information and belief, pursuant to that Trustee's Deed Upon Sale, a non-

14   judicial foreclosure sale occurred on June 6, 2013 (hereinafter the "HOA Sale"), whereby SFR

15   acquired its interest in the Property, if any, for $9,000.00.

16       **33.**    On September 4, 2014, a Notice of Delinquent Assessment Lien was recorded

17   against the Property by Clarkson on behalf of Siena HOA.[16]

18       **34.**    On March 18, 2015, Plaintiff's counsel requested a statement of the super priority

19   portion of the Siena HOA lien from Clarkson.

20       **35.**    On March 25, 2015, Clarkson provided a payoff demand which specifically stated

21

22   _____

     [12] A true and correct copy of a letter dated April 18, 2013 to Alessi and a check in the amount of
23   $288.00 are attached to Plaintiff's Complaint as **Exhibit 12.**
     [13] A true and correct copy of the Acknowledgment signed by an employee of Alessi is attached to
24   Plaintiff's Complaint as **Exhibit 13.**
     [14] A true and correct copy of the screenshot of records belonging to Miles Bauer Bergstrom and
25   Winters is attached to Plaintiff's Complaint as **Exhibit 14.**
     [15] A true and correct copy of the Trustee's Deed Upon Sale recorded as Book and Instrument
26   Number 4247602 is attached to Plaintiff's Complaint as **Exhibit 15.**
     [16] A true and correct copy of the Notice of Delinquent Assessment Lien recorded as Book and
27   Instrument Number 4389188 is attached to Plaintiff's Complaint as **Exhibit 16.**

28

1   that it would not accept funds for the payment of the super priority lien.[17]

2       **36.**    A homeowner's association sale conducted pursuant to NRS Chapter 116 must

3 comply with all notice provisions as stated in NRS 116.31162 through NRS 116.31168 and NRS

4 107.090.

5       **37.**    A lender or holder, such as Plaintiff, has a right to cure a delinquent homeowner's

6 association lien in order to protect its interest.

7       **38.**    Upon information and belief, D'Andrea HOA and its agent, Alessi, did not

8 comply with all mailing and noticing requirements stated in NRS 116.31162 through NRS

9 116.31168.

10       **39.**    A recorded notice of default must "describe the deficiency in payment."

11       **40.**    The D'Andrea HOA assessment lien and foreclosure notices included improper

12 fees and costs in amount demanded.

13       **41.**    The HOA Sale occurred without notice to Plaintiff, or its predecessors, agents,

14 servicers or trustees, as to what proportion or whether any amount of the D'Andrea HOA lien

15 included a super-priority amount.

16       **42.**    The HOA Sale occurred without notice to Plaintiff, or its predecessors, agents,

17 servicers or trustees, whether D'Andrea HOA was foreclosing on the "super-priority" portion of

18 its lien, if any, or under the non-super-priority portion of the lien.

19       **43.**    The HOA Sale occurred without notice to Plaintiff, or its predecessors, agents,

20 servicers or trustees, of a right to cure the delinquent assessments and the super-priority lien, if

21 any.

22       **44.**    The HOA Sale occurred despite the attempt by Plaintiff, or its predecessors,

23 agents, servicers or trustees' attempt to satisfy the super-priority lien.

24       **45.**    The HOA Sale violated Plaintiff's rights to due process because it was not given

25 proper, adequate notice and the opportunity to cure the deficiency or default in the payment of

26 the HOA's assessments and the super-priority lien, if any.

27 ───────────

28 [17] A true and correct copy of the Siena HOA/Clarkson Payoff Demand dated March 25, 2015 is attached to Plaintiff's Complaint as **Exhibit 17.**

**46.** The HOA Sale was an invalid sale and could not have extinguished Plaintiff's secured interest because of defects in the notices given to Plaintiff, or its predecessors, agents, servicers or trustees, if any.

**47.** Under NRS Chapter 116, a lien under NRS 116.3116(1) can only include costs and fees that are specifically enumerated in the statute.

**48.** A homeowner's association may only collect as a part of the super priority lien (a) nuisance abatement charges incurred by the association pursuant to NRS 116.310312 and (b) nine months of common assessments which became due prior to the institution of an action to enforce the lien (unless Fannie Mae and Freddie Mac regulations require a shorter period of not less than six months).

**49.** Upon information and belief, the HOA Foreclosure Notices included improper fees and costs in the amount demanded.

**50.** The attorney's fees and the costs of collecting on a homeowner's association lien cannot be included in the super-priority lien.

**51.** Upon information and belief, the HOA assessment lien and foreclosure notices included fines, interest, late fees, dues, attorney's fees, and costs of collection that are not properly included in a super-priority lien under Nevada law and that are not permissible under NRS 116.3102 et seq.

**52.** The HOA Sale is unlawful and void under NRS 116.3102 et seq.

**53.** The HOA Sale deprived Plaintiff of its right to due process because the foreclosure notices failed to identify the super-priority amount, to adequately describe the deficiency in payment, to provide Plaintiff notice of the correct super-priority amount, and to provide a reasonable opportunity to satisfy that amount.

**54.** A homeowner's association sale must be done in a commercially reasonable manner.

**55.** At the time of the HOA Sale, the amount owed on the Rheaume Loan exceeded $235,165.00.

**56.** Upon information and belief, at the time of the HOA Sale, the fair market value of

1    the Property exceeded $136,328.00.

2    **57.**    The amount paid at the HOA Sale allegedly totaled $9,000.00.

3    **58.**    The HOA Sale was invalid because it was commercially unreasonable.

4    **59.**    The HOA Sale by which SFR took its interest, if any, was commercially
5    unreasonable if it extinguished Plaintiff's Deed of Trust.

6    **60.**    The sales price to D'Andrea HOA, when compared to the outstanding balance of
7    Plaintiff's Note and Deed of Trust and the fair market value of the Property, demonstrates that
8    the HOA Sale was an invalid sale and could not have extinguished Plaintiff's secured interest
9    because it was not a commercially reasonable sale.

10    **61.**    Without providing Plaintiff, or its predecessors, agents, servicers or trustees,
11    notice of the correct super-priority amount and a reasonable opportunity to satisfy that amount,
12    including its failure to identify the super-priority amount and its failure to adequately describe
13    the deficiency in payment as required by Nevada law, the HOA Sale is commercially
14    unreasonable and deprived Plaintiff of its right to due process.

15    **62.**    The CC&Rs for the D'Andrea HOA provide in section 14.01 **Assessment Lien**
16    **Subordinated** states, "Any lien created or claimed under the provisions of Section 4.10 above,
17    ***shall be subject to and subordinate to the lien of any first Mortgage*** given in good faith and for
18    value. ***No lien*** created under the provisions of Section 4.10, above, ***shall in any way defeat,***
19    ***invalidate or impair the rights of any Mortgagee under any such recorded Mortgage,*** " such
20    that Plaintiff's Deed of Trust encumbers the Property, even in the event the D'Andrea HOA
21    conducts a sale pursuant to NRS 116.3116 et seq.[18]

22    **63.**    Because the CC&Rs contained a Mortgagee Protection Clause, and because
23    Plaintiff, or its predecessors, agents, servicers or trustees, were not given proper notice that the
24    HOA intended to foreclose on the super-priority portion of the dues owing, Plaintiff did not

25

26    _____
[18] A true and correct copy of the Declaration of Covenants, Conditions and Restrictions for
27    D'Andrea HOA, recorded on May 25, 1999, in the Official Records of Washoe County as Book
5712, Page 0494 and Instrument Number 2348877, is attached to Plaintiff's Complaint as
28    **Exhibit 18.**

1    know that it had to attend the HOA Sale to protect its security interest.

2       **64.**    Because the CC&Rs contained a Mortgagee Protection Clause, and because

3 proper notice that the HOA intended to foreclose on the super-priority portion of the dues owing

4 was not given, prospective bidders did not appear for the HOA Sale, making the HOA Sale

5 commercially unreasonable.

6       **65.**    Defendants knew that Plaintiff would rely on the Mortgagee Protection Clause

7 contained in the CC&Rs which are of public record, and knew that Plaintiff would not know that

8 the HOA was foreclosing on super-priority amounts because of the failure of D'Andrea HOA

9 and Alessi to provide such notice. Plaintiff's absence from the HOA Sale allowed SFR to appear

10 at the HOA Sale and purchase the Property for a fraction of market value, making the HOA Sale

11 commercially unreasonable.

12       **66.**    Defendants knew that prospective bidders would less be likely to attend the HOA

13 Sale because the public at large believed that Plaintiff was protected under the Mortgagee

14 Protection Clause in the CC&Rs of public record, and that the public at large did not receive

15 notice, constructive or actual, that D'Andrea HOA was foreclosing on a super-priority portion of

16 its lien because D'Andrea HOA improperly failed to provide such notice. The general public's

17 belief therefore was that the buyer at the HOA Sale would take title to the Property subject to

18 Plaintiff's Deed of Trust. This general belief resulted in the absence of prospective bidders at the

19 HOA Sale, which allowed SFR to appear at the HOA Sale and purchase the Property for a

20 fraction of market value, making the HOA Sale commercially unreasonable.

21       **67.**    The circumstances of the HOA Sale of the Property breached D'Andrea HOA's

22 and Alessi's obligation of good faith under NRS 116.1113 and their duty to act in a

23 commercially reasonable manner.

24       **68.**    The circumstances of the HOA Sale of the Property and the status as a

25 professional property purchaser prevent SFR from being deemed a bona fide purchaser for value.

26       **69.**    Upon information and belief, SFR had actual, constructive or inquiry notice of

27 Plaintiff's first Deed of Trust, which prevents SFR from being deemed a bona fide purchaser for

28 value.

70.    In the event Plaintiff's interest in the Property is not reaffirmed or restored, Plaintiff suffered damages in the amount of the fair market value of the Property or the unpaid balance of the Rheaume Loan and Deed of Trust, at the time of the HOA Sale, whichever is greater, as a proximate result of Defendants' acts and omissions.

## FIRST CAUSE OF ACTION

**(Quiet Title/Declaratory Relief Pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq. and NRS 40.010 et seq. versus SFR, D'Andrea HOA and Siena HOA)**

71.    Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

72.    Pursuant to 28 U.S.C. § 2201,  NRS 30.010 et seq. and NRS 40.010, this Court has the power and authority to declare Plaintiff's rights and interests in the Property and to resolve Defendants' adverse claims in the Property.

73.    Further, pursuant to NRS 30.010 et seq., this Court has the power and authority to declare the rights and interest of the parties following the acts and omissions of D'Andrea HOA and Alessi in foreclosing the Property.

74.    Further, pursuant to NRS 30.010 et seq., this Court has the power and authority to declare the rights and interest of the parties regarding the Siena HOA's, and its agent Clarkson's, actions in refusing to provide a super priority lien payoff in regard to the Siena HOA lien against the Property and pursuing foreclosure of Siena HOA's lien against the Property.

75.    Plaintiff's Deed of Trust is a first secured interest on the Property as intended by and whose priority is protected by NRS 116.3116(2)(b).

76.    As the current beneficiary under the Deed of Trust and Rheaume Loan, Plaintiff's interest still encumbers the Property and retains its first position status in the chain of title and is superior to the interest, if any, acquired by SFR, or held or claimed by any other party.

77.    Upon information and belief, Defendant SFR claims an interest in the Property through a Trustee's Deed Upon Sale recorded in the Clark County Recorder's Office as Book and Instrument Number 4247602, which is adverse to the Plaintiff's interest.

78.    Upon information and belief, D'Andrea HOA, and its agent, Alessi, did not

comply with all mailing and noticing requirements stated in NRS 116.31162 through NRS 116.31168.

79. The CC&Rs for D'Andrea HOA provided for the subordination of its Lien to Plaintiff's Deed of Trust such that Plaintiff's Deed of Trust encumbers the Property, even in the event the HOA conducts a sale pursuant to NRS 116.3116 et seq.

80. Without providing Plaintiff notice of the correct super-priority amount and a reasonable opportunity to satisfy that amount, including its failure to identify the super-priority amount and its failure to adequately describe the deficiency in payment as required by Nevada statutes, the CC&Rs, and due process to Plaintiff and/or its predecessors, and therefore the HOA Sale is void and should be set aside or rescinded because it was commercially unreasonable and deprived Plaintiff of its right to due process.

81. Based on the adverse claims being asserted by the parties, Plaintiff is entitled to a judicial determination regarding the rights and interests of the respective parties to the case.

82. For all the reasons set forth above and in the Factual Background, Plaintiff is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201,  NRS 30.010 et seq. and NRS 40.010, the HOA Sale is unlawful and void under NRS 116.3102 et seq.

83. Plaintiff is entitled to a determination from this Court, pursuant to Pursuant to 28 U.S.C. § 2201,  NRS 30.010 et seq. and NRS 40.010, that Plaintiff is the beneficiary of a first position Deed of Trust which still encumbers the Property and is superior to the interest held by SFR and all other parties, if any.

84. Plaintiff is also entitled to a determination from this Court, pursuant to pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq. and NRS 40.010, that the pending  foreclosure by Siena HOA and Clarkson is unlawful and void because  a statement of the super priority amount and a reasonable opportunity to cure has not been provided to Plaintiff.

85. In the alternative, if it is found under state law that Plaintiff's interest could have been extinguished by the HOA Sale, for all the reasons set forth above and in the Factual Background, Plaintiff is entitled to a determination from this Court, pursuant to NRS 40.010, NRS 30.010 et seq. and 28 U.S.C. § 2201, that the HOA Sale was unlawful and void and

conveyed no legitimate interest to SFR.

86.     Plaintiff has furthermore been required to retain counsel and is entitled to recover reasonable attorney's fees for having brought the underlying action.

## SECOND CAUSE OF ACTION

### (Preliminary Injunction versus SFR, Siena HOA and Clarkson)

87.     Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

88.     As set forth above, Defendants may claim an ownership interest in the Property that is adverse to Plaintiff.

89.     Any sale, transfer or encumbrance of the Property, prior to a judicial determination concerning the respective rights and interests of the parties to the case, would be invalid because Plaintiff's Deed of Trust still encumbers the Property in first position and was not extinguished by the HOA Sale.

90.     Plaintiff has a reasonable probability of success on the merits of the Complaint, for which compensatory damages will not compensate Plaintiff for the irreparable harm of the loss of title to a bona fide purchaser or loss of the first position priority status secured by the Property.

91.     Plaintiff has no adequate remedy at law due to the uniqueness of the Property involved in the case.

92.     Plaintiff is entitled to a preliminary injunction prohibiting Defendants from conducting any sale, transfer or encumbrance of the Property if it is claimed to be superior to Plaintiff's Deed of Trust or not subject to that Deed of Trust.

93.     Plaintiff is entitled to a preliminary injunction requiring SFR to pay all taxes, insurance and homeowner's association dues during the pendency of this action.

94.     Plaintiff is entitled to a preliminary injunction requiring SFR to segregate and deposit all rents with the Court or a Court-approved trust account over which SFR has no control during the pendency of this action.

95.     Plaintiff has been required to retain counsel to prosecute this action and is entitled

to recover reasonable attorney's fees to prosecute this action.

### THIRD CAUSE OF ACTION

### (Wrongful Foreclosure versus D'Andrea HOA and Alessi)

96.     Plaintiff incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

97.     Upon information and belief, D'Andrea HOA and Alessi did not comply with all mailing and noticing requirements stated in NRS 116.31162 through NRS 116.31168.

98.     D'Andrea HOA and Alessi failed to provide notice pursuant to the CC&Rs.

99.     Because the HOA Sale was wrongfully conducted and violated applicable law, the Court should set it aside to the extent that it purports to have extinguished Plaintiff's first Deed of Trust and delivered free and clear title to the Property to SFR.

100.     Because the HOA Sale was not commercially reasonable, it was invalid, wrongful and should be set aside.

101.     Because D'Andrea HOA and Alessi did not give Plaintiff, or its agents, servicers or predecessors in interest, the proper, adequate notice and the opportunity to cure the deficiency or default in the payment of D'Andrea HOA's assessments required by Nevada statutes, the CC&R's and due process, the HOA Sale was wrongfully conducted and should be set aside.

102.     As a proximate result of D'Andrea HOA and Alessi's wrongful foreclosure of the Property by the HOA Sale, as more particularly set forth above and in the Factual Background, Plaintiff has suffered general and special damages in an amount not presently known.  Plaintiff will seek leave of court to assert said amounts when they are determined.

103.     If it is determined that Plaintiff's Deed of Trust has been extinguished by the HOA Sale, as a proximate result of D'Andrea HOA and Alessi's wrongful foreclosure of the Property by the HOA Sale, Plaintiff has suffered special damages in the amount equal to the fair market value of the Property or the unpaid balance of the Rheaume Loan, plus interest, at the time of the HOA Sale, whichever is greater.

104.     Plaintiff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

## FOURTH CAUSE OF ACTION

### (Negligence versus D'Andrea HOA and Alessi)

**105.**    Plaintiff incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

**106.**    D'Andrea HOA and Alessi owed a duty to Plaintiff and other subordinate lienholders to conduct the HOA foreclosure sale at issue in this case properly and in a manner that would fairly allow them an opportunity to protect their interest and cure the super-priority lien threatening their security interests.

**107.**    D'Andrea HOA and Alessi breached their duty by failing to disclose the amount of the super-priority lien, by failing to specify that it was foreclosing on the super-priority portion of its lien as opposed to the non-super-priority portion, and by failing to provide notice that Plaintiff and other subordinate lienholders had an opportunity to cure.

**108.**    As a proximate result of D'Andrea HOA's and Alessi's breaches of their duties, Plaintiff was unable to cure by tendering a pay-off of the super-priority lien threatening its security interest.

**109.**    As a proximate result of D'Andrea HOA's and Alessi's breaches of their duties, Plaintiff has incurred general and special damages.

**110.**    If Plaintiff is found to have lost its first secured interest in the Property, it was the proximate result of D'Andrea HOA's and Alessi's breach of their duties, and Plaintiff have thereby suffered general and special damages.

**111.**    Plaintiff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

## FIFTH CAUSE OF ACTION

### (Negligence Per Se versus D'Andrea HOA and the Alessi)

**112.**    Plaintiff incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

**113.**    NRS Chapter 116 imposes a duty on HOAs to conduct HOA foreclosure sales in a manner that is consistent with its provisions.

114. D'Andrea HOA and Alessi breached the statutory duties imposed by NRS Chapter 116 concerning notice.

115. D'Andrea HOA and Alessi violated NRS 116.31162(1)(b)(1) by failing to describe the deficiency in payment of a super-priority lien.

116. Plaintiff is a member of the class of persons whom NRS Chapter 116 is intended to protect.

117. The injury that Plaintiff faces—extinguishment of its first-position Deed of Trust—is the type against which NRS Chapter 116 is intended to protect.

118. As a proximate result of D'Andrea HOA's and Alessi's breach of their statutory duties, Plaintiff was unable to cure by tendering a pay-off of the super-priority lien threatening its security interest.

119. As a proximate result of D'Andrea HOA's and Alessi' breach of their duties, Plaintiff has incurred general and special damages.

120. If Plaintiff is found to have lost its first secured interest in the Property, it was the proximate result of D'Andrea HOA's and Alessi's breach of their statutory duties, and Plaintiff have thereby suffered general and special damages.

121. Plaintiff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

## SIXTH CAUSE OF ACTION

### (Breach of Contract versus D'Andrea HOA and Alessi)

122. Plaintiff incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

123. Plaintiff was an intended beneficiary of D'Andrea HOA's CC&Rs.

124. D'Andrea HOA and its agent, Alessi, breached the obligations, promises, covenants and conditions of the CC&Rs owed to Plaintiff by the circumstances under which they conducted the HOA Sale of the Property.

125. D'Andrea HOA's and Alessi's breach of the obligations, promises, covenants and conditions of the CC&Rs proximately caused Plaintiff general and special damages.

**126.**   Plaintiff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

**SEVENTH CAUSE OF ACTION**

**(Misrepresentation versus D'Andrea HOA)**

**127.**   Plaintiff incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

**128.**   Plaintiff is within the class or persons or entities D'Andrea HOA intended or had reason to expect to act or to refrain from action in reliance upon the provisions of the CC&Rs, including without limitation, the Mortgagee Protection Clause.

**129.**   Plaintiff, and its predecessors in interest, justifiably relied upon the provisions of the CC&Rs and NRS 116.3116(2)(b) in giving consideration for the Deed of Trust, and the Rheaume Loan it secures, and the HOA intended or had reason to expect their conduct would be influenced.

**130.**   D'Andrea HOA's representations in the provisions of the CC&Rs, including without limitation, the Mortgagee Protection Clause, were false.

**131.**   D'Andrea HOA had knowledge or a belief that the representations in the provisions of the CC&Rs, including without limitation, the Mortgagee Protection Clause, were false or it had an insufficient basis for making the representations.

**132.**   D'Andrea HOA had a pecuniary interest in having Plaintiff and its predecessors in interest rely on the provisions of the CC&Rs, including without limitation, the Mortgagee Protection Clause.

**133.**   D'Andrea HOA failed to exercise reasonable care or competence in communicating the information within the provisions of the CC&Rs, including without limitation, the Mortgagee Protection Clause, which was false or it had an insufficient basis for making.

**134.**   D'Andrea HOA, or its agent, Alessi, acted in contravention to the provisions of the CC&Rs, including without limitation, the Mortgagee Protection Clause, when it conducted the HOA Sale in a manner that could extinguish Plaintiff's Deed of Trust.

135.    Plaintiff suffered general and special damages as a proximate result of its reliance.

136.    Plaintiff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

### EIGHTH CAUSE OF ACTION

**(Unjust Enrichment versus SFR, D'Andrea  HOA and Alessi)**

137.    Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

138.    Plaintiff has been deprived of the benefit of its secured deed of trust by the actions of the Defendants.

139.    Defendants have benefitted from the unlawful HOA Sale and nature of the real property.

140.    Defendants have benefitted from Plaintiff's payment of taxes, insurance or homeowner's association assessments since the time of the HOA Sale.

141.    Should Plaintiff's Complaint be successful in quieting title against Defendants and setting aside the HOA Sale, Defendants will have been unjustly enriched by the HOA Sale and usage of the Property.

142.    Plaintiff will have suffered damages if Defendants are allowed to retain their interests in the Property and the funds received from the HOA Sale.

143.    Plaintiff will have suffered damages if Defendants are allowed to retain their interests in the Property and Plaintiff's payment of taxes, insurance or homeowner's association assessments since the time of the HOA Sale.

144.    Plaintiff is entitled to general and special damages in excess of $10,000.00.

145.    Plaintiff has furthermore been required to retain counsel and is entitled to recover reasonable attorney's fees for having brought the underlying action.

146.    Plaintiff is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq. and NRS 40.010, that its secured interest by virtue of its Deed of Trust is superior to the interest, if any, acquired by SFR through the Foreclosure Deed, or held or claimed by any other party.

**147.**   Plaintiff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

### NINTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing versus
### D'Andrea HOA and Alessi)

**148.**   Plaintiff incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

**149.**   Implicit in every contract in the state of Nevada is an implied covenant of good faith and fair dealing.

**150.**   Plaintiff was an intended beneficiary of the HOA's CC&Rs.

**151.**   D'Andrea HOA and Alessi breached the duties, obligations, promises, covenants and conditions, express and implied, in the CC&Rs owed to Plaintiff by the circumstances under which they conducted the HOA Sale of the Property.

**152.**   D'Andrea HOA and Alessi took affirmative action to re-convey the Property a third party, in direct contravention of D'Andrea HOA's duties to Plaintiff as promised in the CC&Rs.

**153.**   D'Andrea HOA's and Alessi's breaches of the obligations, promises, covenants and conditions of the CC&Rs, and to act in good faith regarding same, proximately caused Plaintiff general and special damages in an amount in excess of $10,000.00.

**154.**   Plaintiff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

### PRAYER

Wherefore, Plaintiff prays for judgment against the Defendants, jointly and severally, as follows:

1.     For a declaration and determination that the HOA Sale was invalid to the extent it purports to convey the Property free and clear to SFR;

2.     For a declaration and determination that Plaintiff's interest still encumbers the Property, and that Plaintiff's first Deed of Trust was not extinguished by the HOA Sale;

3.  For a declaration and determination that Plaintiff's interest is superior to the interest of SFR and all other parties;

4.  In the alternative, for a declaration and determination that the HOA Sale was invalid and conveyed no legitimate interest to SFR;

5.  For a preliminary injunction that SFR, Siena HOA and Clarkson and their successors, assigns, and agents are prohibited from conducting any sale, transfer or encumbrance of the Property that is claimed to be superior to Plaintiff's Deed of Trust or not subject to that Deed of Trust;

6.  For a preliminary injunction that SFR, its successors, assigns, and agents be required to pay all taxes, insurance and homeowner's association dues during the pendency of this action.

7.  For a preliminary injunction that SFR, its successors, assigns, and agents be required to segregate and deposit all rents with the Court or a Court-approved trust account over which SFR has no control during the pendency of this action;

/ / /

/ / /

8.     If it is determined that Plaintiff's Deed of Trust has been extinguished by the HOA Sale, for special damages in the amount of the fair market value of the Property or the unpaid balance of the Rheaume Loan and Deed of Trust, at the time of the HOA Sale, whichever is greater;

9.     For general and special damages;

10.    For attorney's fees;

11.    For costs incurred herein, including post-judgment costs;

12.    For any and all further relief deemed appropriate by this Court.

DATED this _29th_ day of April, 2015.

WRIGHT, FINLAY & ZAK, LLP

*Natalie C. Lehman*

Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Natalie C. Lehman, Esq.
Nevada Bar No. 12995
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
*Attorney for Plaintiff,*
*U.S. Bank National Association, as trustee, in trust*
*for registered holders of First Franklin Mortgage*
*Loan Trust, Mortgage Loan Asset-Backed*
*Certificates, Series 2007-FF1*