ADAM H. CLARKSON
Nevada State Bar No. 10003
JAMES B. FAIRBANKS
Nevada State Bar No. 7330
MATTHEW J. MCALONIS
Nevada State Bar No. 11203
The Clarkson Law Group, P.C.
2300 W. Sahara Ave., Suite 950
Las Vegas, NV 89102
Telephone:    (702) 462-5700
Facsimile:     (702) 446-6234
aclarkson@the-clg.com
jfairbanks@the-clg.com
mmcalonis@the-clg.com
*Attorneys for Defendant The Clarkson Law Group, P.C.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE ASSET-BACKED CERTIFICATES, SERIES 2007-FF1,<br><br>Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada Limited Liability Company; D'ANDREA COMMUNITY ASSOCIATION, a Domestic Non-profit Corporation; ALESSI & KOENIG, LLC, a Domestic Limited Liability Company; SIENA HOMEOWNERS ASSOCIATION, a Domestic Non-Profit Corporation; THE CLARKSON LAW GROUP, P.C.; a Nevada Professional Corporation,<br><br>Defendants. | CASE NO.: 3:15-cv-00241-RCJ-WGC<br><br>**THE CLARKSON LAW GROUP, P.C.'S MOTION TO DISMISS** |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant THE CLARKSON LAW GROUP, P.C. (the "CLG"), by and through its attorney of record, THE CLARKSON LAW GROUP, P.C., files this MOTION TO DISMISS. The Motion is based upon the attached Memorandum of Points and Authorities, the exhibits attached hereto, the pleadings and papers on file, and any oral argument that may be presented in this matter.

Dated this 4th day of June, 2015

THE CLARKSON LAW GROUP, P.C.

/s/ Matthew McAlonis
ADAM H. CLARKSON, ESQ.
Nevada State Bar Number 10003
JAMES B. FAIRBANKS, ESQ.
Nevada State Bar Number 7330
MATTHEW J. MCALONIS, ESQ.
Nevada State Bar Number 11203
THE CLARKSON LAW GROUP, P.C.
2300 W. Sahara Ave., Suite 950
Las Vegas, NV 89102
Telephone:   (702) 462-5700
Facsimile:   (702) 446-6234
aclarkson@the-clg.com
jfairbanks@the-clg.com
mmcalonis@the-clg.com
*Attorneys for Defendant The Clarkson Law Group, P.C.*

## MEMORANDUM OF POINTS AND AUTHORITES

### I. INTRODUCTION AND BACKGROUND FACTS

This lawsuit involves real property located at 2546 Napoli Drive Sparks, Nevada 89434, APN 402-283-13 ("Subject Property"). The owner of the Subject Property failed to pay assessments on the Property as required by the Covenants, Conditions & Restrictions and Easements for the Siena Homeowners' Association ("CC&Rs"), recorded in the official records of the Washoe County Recorder's Office on December 16, 1999, as document number 2406655. As a result of the owner's failure to pay assessments on the subject Property, the Siena Homeowners' Association ("Siena HOA"), through its attorney CLG, recorded a Notice of Delinquent Assessment Lien ("NODA") on September 4, 2014, as document number 4389188 in the Official Records of Washoe County Nevada. Thereafter, the Siena HOA, through its counsel CLG recorded a Notice of Default and Election to Sell Under Notice of Delinquent Assessment Lien ("NOD") on November 4, 2014, as document number 4406283 in the Official Records of Washoe County Nevada.

Following the recording of the NOD, CLG received a request for a payoff demand on March 18, 2015. Attached hereto as **Exhibit "A"**. The Siena HOA, responded to that letter on March 23, 2015. *See* **Exhibit "B"**. The March 23rd response clearly provided:

> All amounts outstanding on the account are itemized within this demand allowing for review and analysis of the same. ***Tender of payments amounts other than the total balance are not precluded by this demand.*** Where less than the total balance is tendered the Association may move forward with non-judicial foreclosure and the Association makes no warranty or similar representation as to the legal effect of such foreclosure as to the purchaser or to the any person/entity that may have tendered a payment prior to such foreclosure. Submission of checks or other forms of payment with accord and satisfaction language, conditional payment language, payments demanding the Association acquiescence to specific terms, payments demanding the Association record and/or otherwise warrant the legal effect of the payment, or other related submissions specifying the legal effect of the payment are not attempt at tender of payment. Rather, such submissions are attempt at settlement that may be

rejected. (Emphasis added)

U.S. Bank never responded to the payoff demand, and certainly never tendered any payment amount to the Siena HOA. Instead, U.S. Bank filed this unsubstantiated and frivolous complaint against the CLG.

## II.   STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). A claim will be dismissed if it "appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d (1984); *Nelson v. Giurbino*, 395 F. Supp.3d 946 (S.D. Cal.2005) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Nelson*, 395 F.Supp.2d at 949 (citing *N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986)); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

## III.   ARGUMENT

The only cause of action asserted against CLG, is the Plaintiff's second cause of action for preliminary injunction. Furthermore, a request for a preliminary injunction should be brought by motion, and not simply asserting as a cause of action. *See generally* Fed. R. Civ. P. 65. As discussed in detail below an injunction is not claim for relief but rather an equitable remedy.

## A. An Injunction Is An Equitable Remedy, Not A Claim for Relief

Injunctive relief is a ***remedy***, not a cause of action. *Alderson v. JP Morgan Chase, N.A., Inc.*, No. 3:13-CV-00487-RCJ, 2014 WL 3697328 at *1 (D. Nev. July 23, 2014). If the Court considers U.S. Bank request for an injunction, "A preliminary injunction is available when the moving party can demonstrate that the non-moving party's conduct, if allowed to continue, will cause irreparable harm for which compensatory relief is inadequate and that the moving party has a reasonable likelihood of success on the merits." *Boulder Creek Cmty. Ass'n v. B & J Andrews*, 125 Nev. 397, 403, 215 P.3d 27, 31 (2009); *see also* NRS 33.010. An injunction is "extraordinary relief, and the irreparable harm must be articulated in specific terms by the issuing order or be sufficiently apparent elsewhere in the record." *Dep't of Conservation & Natural Res., Div. of Water Res. v. Foley*, 121 Nev. 77, 80, 109 P.3d 760, 762 (2005). Because U.S. Bank can establish neither a likelihood of success, nor irreparable harm, the "cause of action" for an injunction should be dismissed and/or denied.

U.S. Bank requests an injunction preventing the Siena HOA or its attorney CLG from selling the Property, or encumbering the Property with a lien. The request for an injunction should be denied and dismissed.

First, as set forth in this Motion, U.S. Bank cannot establish a reasonable likelihood of success on the merits.[1] U.S. Bank alleges "Clarkson provided a payoff demand which specifically stated that it would not accept funds for the payment of the super priority lien". Complaint ¶35. That allegation is patently false as demonstrated by U.S. Bank's own exhibits. *See* **Plaintiff's Exhibit 17**. The letter from CLG expressly provides:

---

[1] For the sake of brevity, CLG will not raise arguments under *SFR Investments Pool 1 LLC v. U.S. Bank*, 130 Nev. Adv. Op. 75, 334 P.3d 408 (2014), if the previous foreclosure sale by D'Andrea was conducted properly, U.S. Bank's deed of

>All amounts outstanding on the account are itemized within this demand allowing for review and analysis of the same. ***Tender of payments amounts other than the total balance are not precluded by this demand.*** Where less than the total balance is tendered the Association may move forward with non-judicial foreclosure and the Association makes no warranty or similar representation as to the legal effect of such foreclosure as to the purchaser or to the any person/entity that may have tendered a payment prior to such foreclosure. Submission of checks or other forms of payment with accord and satisfaction language, conditional payment language, payments demanding the Association acquiescence to specific terms, payments demanding the Association record and/or otherwise warrant the legal effect of the payment, or other related submissions specifying the legal effect of the payment are not attempt at tender of payment. Rather, such submissions are attempt at settlement that may be rejected. (emphasis added)

With Plaintiff having been provided the Siena HOA's demand, with detailed explanation thereof, it is difficult to imagine what more the Association could do in order to respond to Plaintiff's requests while still maintaining the ability to enforce its statutory lien rights.

If Plaintiff wants to halt the Association's foreclosure sale entirely, it can pay the full amount of the lien and the sale will be cancelled. If U.S. Bank wants to pay some lesser portion of the Association's lien that it believes will satisfy the super-priority portion of the lien, it is free to tender that amount at any time. Instead, U.S. Bank has chosen to waste the time and resources of the court and the parties involved by filing the instant lawsuit.

However, even assuming U.S. Bank could establish a reasonable likelihood of success on the merits, the only harm is **MONEY**, and therefore, not irreparable.

The Deed of Trust, which U.S. Bank claims it would like to protect through an injunction, is a contract for lending and repaying money between U.S. Bank and the Borrower. The Deed of Trust is a security interest that encumbers real property. U.S. Bank does not own the real property encumbered by the Deed of Trust. Thus, U.S. Bank cannot really request an injunction to avoid loss

---

trust would have been extinguished, and its attempt to enjoin CLG's client Siena HOA's collection efforts would be without merit as U.S. Bank has no interest whatsoever in the subject property.

of the real property which it does not own.

U.S. Bank is seeking an injunction to avoid the loss of the Deed of Trust (Complaint ¶ 90). The harm of a destroyed security interest is merely an obstruction of U.S. Bank's ability to recover the money which it lent to the Borrower. If U.S. Bank had any actual genuine interest in the real property itself, it would have purchased the Property rather than lending money to the Borrower so the Borrower could purchase the real property.

As said by the Nevada Supreme Court:

> Generally, a harm is "irreparable" if it cannot adequately be remedied by compensatory damages. Although this court has concluded that a foreclosure may result in irreparable harm [to the owner of property] "[b]ecause real property and its attributes are considered unique," a lien is merely a preliminary step to foreclosure and does not itself instantly implicate the [owner's] loss of unique real property.

*Hamm v. Arrowcreek Homeowners' Ass'n*, 124 Nev. 290, 297, 183 P.3d 895, 901 (2008). Because a loan of money is not real property, and because the loss of a security interest securing the money is fully compensable with money damages, there is no possible irreparable harm and no basis for injunctive relief.

Because U.S. Bank cannot establish a likelihood of success on the merits and irreparable harm, the request for injunction should be denied.

**C.     Other than to Annoy and Harass the Clarkson Law Group, P.C. there is No Basis to Name it as a Party to the Litigation**

CLG provides legal services for the Siena HOA, including but not limited to, collection and/or foreclosure services. U.S. Bank has named Siena HOA in the above-entitled litigation, seeks to enjoin it from pursuing any foreclosure sale of the subject property. If U.S. Bank is ultimately successful in obtaining an injunction precluding Siena HOA from proceeding with a foreclosure sale, such an injunction would clearly apply to CLG as well. Fed R. Civ. P. 65(d)(2) provides:

    The order binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and ***attorneys***; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

  Based upon the express provisions of the Federal Rules of Civil Procedure, if U.S. Bank obtained an injunction over Siena HOA, the injunction clearly would apply to its legal counsel CLG. Consequently, there is no reason to name CLG in this litigation other than to disrupt its attorney-client relationship with Siena HOA. For all the reasons stated above, the CLG's motion to dismiss should be granted.

  Respectfully Submitted this <u>4th</u> day of June, 2015.

            THE CLARKSON LAW GROUP, P.C.

            /s/ Matthew McAlonis
            ADAM H. CLARKSON, ESQ.
            Nevada State Bar Number 10003
            JAMES B. FAIRBANKS, ESQ.
            Nevada State Bar Number 7330
            MATTHEW J. MCALONIS, ESQ.
            Nevada State Bar Number 11203
            THE CLARKSON LAW GROUP, P.C.
            2300 W. Sahara Ave., Suite 950
            Las Vegas, NV 89102
            Telephone: (702) 462-5700
            Facsimile: (702) 446-6234

            *Attorneys for The Clarkson Law Group, P.C.*

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that on the on <u>4th</u> day of June, 2015, I electronically transmitted the foregoing Motion to Dismiss using the CM/ECF system for filing and transmittal of a Notice Of Electronic Filing to the following CM/ECF registrants:

Dana Jonathon Nitz, Esq.
Natalie C. Lehman, Esq.
WRIGHT, FINLAY & ZAK, LLP
7785 W. Sahara Ave., Suite 200
Las Vegas, Nevada 89117

*Attorneys for Plaintiff U.S. Bank National Association*

Howard C. Kim, Esq.
Diana S. Cline, Esq.
Jacqueline A. Gilbert, Esq.
HOWARD KIM & ASSOCIATES
1055 Whitney Ranch Drive, Suite 110
Henderson, Nevada 89014

*Attorneys for SFR Investments Pool 1, LLC*

/s/ Erin Speer
An Employee of The Clarkson Law Group, P.C.