HOWARD C. KIM, ESQ.
Nevada Bar No. 10386
E-mail: howard@hkimlaw.com
DIANA S. CLINE, ESQ.
Nevada Bar No. 10580
E-mail: diana@hkimlaw.com
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
E-mail: jackie@hkimlaw.com
HOWARD KIM & ASSOCIATES
1055 Whitney Ranch Drive, Suite 110
Henderson, Nevada 89014
Telephone: (702) 485-3300
Facsimile: (702) 485-3301
*Attorneys for SFR Investments Pool 1, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE ASSET-BACKED CERTIFICATES, SERIES 2007-FF1,<br><br>Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada Limited Liability Company; D'ANDREA COMMUNITY ASSOCIATION, a Domestic Non-Profit Corporation; ALESSI & KOENIG, LLC, a Domestic Limited Liability Company; SIENA HOMEOWNERS ASSOCIATION, a Domestic Non-Profit Corporation; THE CLARKSON LAW GROUP, P.C., a Nevada Professional Corporation,<br><br>Defendants. | Case No. 3:15-cv-00241-RCJ-WGC<br><br>**SFR INVESTMENTS POOL 1, LLC'S ANSWER, COUNTERCLAIM, AND CROSS-CLAIM** |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Counter-Claimant,<br><br>vs. | |

- 1 -

U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE ASSET-BACKED CERTIFICATES, SERIES 2007-FF1; TROY F. RHEAUME, an individual; TROY T. OWEN, an individual,

Counter-Defendant/Cross-Defendants.

SFR INVESTMENTS POOL 1, LLC ("SFR") hereby answers U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE ASSET-BACKED CERTIFICATES, SERIES 2007-FF1's ("U.S. Bank" or "the Bank") complaint as follows:

## INTRODUCTION

1. The statute referenced in paragraph 1 of the complaint speaks for itself and SFR denies any allegations inconsistent with said statute. The allegations contained in paragraph 1 of the complaint call for a legal conclusion, therefore, no answer is required.  To the extent an answer is required, SFR admits the remaining factual allegations contained in paragraph 1 of the complaint.

2. Answering paragraph 2 of the complaint, SFR admits that the property located at 2546 Napoli Drive, Sparks, NV 89434-2118; Parcel No. 402-283-13 (the "Property") is the subject property of this litigation.

## JURISDICTION AND VENUE

3. The allegations contained in paragraphs 3 and 4 of the complaint call for a legal conclusion, therefore, no answer is required.  To the extent an answer is required, SFR admits the factual allegations contained in paragraphs 3 and 4 of the complaint.

## PARTIES

4. Answering paragraph 5 of the complaint, upon information and belief, SFR admits that Plaintiff is a national banking association with its principal place of business in Ohio, and authorized to do business in the State of Nevada. The statute referenced in paragraph 5 of the complaint speaks for itself and SFR denies any allegations inconsistent with said statute. SFR

- 2 -

is with without sufficient knowledge and information to form a belief as to the remaining factual allegations in paragraph 5 of the complaint, and therefore denies the same.

5. The documents in paragraph 6 of the complaint speak for themselves and SFR denies any allegations inconsistent with said documents. To the extent the paragraph 6 alleges the Subject Deed of Trust survived the Association foreclosure sale and is currently a valid security instrument that encumbers the Property and for which there may be a beneficiary, SFR denies such allegations.

6. Answering paragraph 7 of the complaint, SFR admits that it is a Nevada limited liability company doing business in Nevada and the current titleholder of the Property.

7. Answering paragraph 8 of the complaint, SFR is without knowledge sufficient to form a belief about any allegations relating to the D'Andrea Homeowners Association. Upon information and belief, SFR admits that the D'Andrea Community Association ("D'Andrea HOA") is a domestic non-profit corporation.

8. Answering paragraph 9 of the complaint, upon information and belief, SFR admits that Alessi & Koenig, LLC ("Alessi") is a Nevada limited liability company licensed to do business in the State of Nevada and was the HOA Trustee for D'Andrea HOA at the foreclosure sale of the Property.

9. Answering paragraph 10 of the complaint, upon information and belief, SFR admits that the Siena Homeowners Association ("Siena HOA") is a Nevada non-profit corporation licensed to do business in the State of Nevada.

10. SFR is without sufficient knowledge to form a belief as to the allegations in paragraph 11 of the complaint.

11. The allegations contained in paragraphs 12 and 13 of the complaint call for a legal conclusion, therefore, no answer is required. To the extent an answer is required, SFR denies the factual allegations contained in paragraph 12 and 13 of the complaint.

## FACTUAL BACKGROUND

12. Answering paragraph 14 of the complaint, to the extent paragraph 14 alleges that Troy F.

Rheaume ("Rheaume") and Troy T. Owen ("Owen") were title owners of record of the Subject Property during the relevant time period before the Association foreclosure sale, SFR, upon information and belief, admits the allegations in paragraph 14. The document referenced in paragraph 14 of the complaint speaks for itself, and SFR denies any allegations inconsistent with said document.

13. The documents in paragraphs 15, 16, 17, 18 and 19 of the complaint speak for themselves and SFR denies any allegations inconsistent with said documents. To the extent the paragraphs 15, 16, 17, 18 and 19 allege that the Subject Deed of Trust survived the Association foreclosure sale and is currently a valid security instrument that encumbers the Property and for which there may be a beneficiary, SFR denies such allegations.

14. The documents referenced in paragraphs 20, 21 and 22 of the complaint speak for themselves, and SFR denies any allegations inconsistent with said documents.

15. The documents reference in paragraphs 23, 24, 25, 26, 27, 28, 29 and 30 speak for themselves and SFR denies any allegations inconsistent with said documents. The allegations in paragraphs 23, 24, 25, 26, 27, 28, 29 and 30 regarding "super lien payoff" calculations call for a legal conclusion to which no answer is required. To the extent an answer is required, SFR denies said allegations. SFR is without sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations contained in paragraphs 23, 24, 25, 26, 27, 28, 29 and 30 of the complaint, and therefore denies said allegations.

16. Answering paragraphs 31 and 32 of the complaint, SFR admits that it purchased the Property for $9,000.00 at the D'Andrea HOA foreclosure auction. The document referenced in paragraphs 31 and 32 of the complaint speaks for itself, and SFR denies any allegations inconsistent with said document.

17. The document referenced in paragraph 33 of the complaint speaks for itself, and SFR denies any allegations inconsistent with said document.

18. The allegations in paragraphs 34 and 35 regarding "super lien payoff" calculations call for a legal conclusion to which no answer is required. To the extent an answer is required,

- 4 -

SFR denies said allegations. SFR is without sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations contained in paragraphs 34 and 35 of the complaint, and therefore denies said allegations.

19. The allegations in paragraphs 36, 37, 38 and 39 of the complaint call for a legal conclusion to which no response is required.  To the extent a response is required, SFR denies any factual allegations in 36, 37, 38 and 39 of the complaint.

20. The documents referenced in paragraph 40 of the complaint speak for themselves, and SFR denies any allegations inconsistent with said documents. The allegations in paragraph 40 regarding which fees and costs can be included in foreclosure notices call for a legal conclusion to which no response is required.  To the extent a response is required, SFR denies said allegations.

21.  The allegations in paragraphs 41, 42, 43 and 44 of the complaint regarding "super-priority" call for a legal conclusion to which no answer is required.  To the extent an answer is required; SFR denies the allegations in paragraphs 41, 42, 43 and 44 of the complaint regarding "super-priority."  The notices referenced in paragraphs 41, 42, and 43 of the complaint speak for themselves and SFR denies any allegations inconsistent with said notices. SFR is without sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations contained in paragraphs 41, 42, 43 and 44 of the complaint, and therefore denies said allegations.

22. The notices referenced in paragraphs 45 and 46 of the complaint speak for themselves and SFR denies any allegations inconsistent with said notices. The allegations in paragraphs 45 and 46 of the complaint call for a legal conclusion to which no response is required.  To the extent a response is required, SFR denies the allegations in 45 and 46 of the complaint.

23. The statutes referenced in paragraphs 47 and 48 of the complaint speak for themselves and SFR denies any allegations inconsistent with said statutes.  The allegations in paragraphs 47 and 48 of the complaint call for a legal conclusion to which no response is required.  To the extent a response is required, SFR denies any factual allegations in paragraphs 47 and 48 of

**HOWARD KIM & ASSOCIATES**
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

the complaint.

24. The documents referenced in paragraph 49, 50 and 51 of the complaint speak for themselves, and SFR denies any allegations inconsistent with said documents. The remaining allegations in paragraphs 49, 50 and 51 of the complaint calls for a legal conclusion therefore, no answer is required. To the extent an answer is required, SFR denies the factual allegations contained in paragraphs 49, 50 and 51 of the complaint.

25. The allegations in paragraphs 52, 53, 54 and 56 of the complaint call for a legal conclusion to which no response is required. To the extent a response is required, SFR denies the allegations in paragraphs 52, 53, 54 and 56 of the complaint.

26. SFR is without sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 55 of the complaint, and therefore denies said allegations.

27. Answering paragraph 57 of the complaint, SFR admits that it purchased the Property for $9,000.00 at the D'Andrea foreclosure auction.

28. The allegations in paragraphs 58, 59, 60 and 61 of the complaint call for a legal conclusion to which no response is required. To the extent a response is required, SFR denies the allegations in paragraphs 58, 59, 60 and 61 of the complaint.

29. The document referenced in paragraph 62, 63, 64, 65 and 66 of the complaint speaks for itself, and SFR denies any allegations inconsistent with said document. The remaining allegations in paragraphs 62, 63, 64, 65 and 66 of the complaint calls for a legal conclusion therefore, no answer is required. To the extent an answer is required, SFR denies the factual allegations contained in paragraphs 62, 63, 64, 65 and 66 of the complaint. Answering paragraphs 62, 63, 64, 65 and 66 of the complaint, SFR denies that it knew the Bank, prospective bidders and/or the public at large would rely on provisions in the CC&Rs that conflicted with NRS 116.

30. The allegations in paragraphs 67, 68, 69 and 70 of the complaint call for a legal conclusion to which no response is required. To the extent a response is required, SFR denies

the allegations in paragraphs 67, 68, 69 and 70 of the complaint.

## FIRST CAUSE OF ACTION
### (Quiet Title/Declaratory Relief Pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq. and NRS 40.010 et seq. versus SFR, D'Andrea HOA, and Siena HOA)

31. SFR repeats and realleges its answers to paragraphs 1 through 70 of the complaint as though fully set forth herein.

32. The statutes referenced in paragraphs 72, 73 and 74 of the complaint speak for themselves, and SFR denies any allegations inconsistent with said statutes. Further, the allegations in paragraphs 72, 73 and 74 of the complaint call for a legal conclusion to which no response is required. To the extent a response is required, SFR denies any factual allegations in 72, 73 and 74 of the complaint.

33. The document referenced in paragraphs 75 and 76 of the complaint speaks for itself, and SFR denies any allegations inconsistent with said document. To the extent that paragraphs 75 and 76 alleges the subject deed of trust is currently a valid instrument, for which there may be a "current" beneficiary, SFR denies such allegation. The remaining allegations in paragraphs 75 and 76 call for a legal conclusion to which no response is required. To the extent a response is required, SFR denies the remaining allegations in paragraphs 75 and 76 of the complaint.

34. Answering paragraph 77 of the complaint, SFR admits it claims an interest in the Property that is adverse to the Bank's alleged interest. The document referenced in paragraph 77 of the complaint speaks for itself, and SFR denies any allegations inconsistent with said document.

35. The allegations in paragraphs 78, 79, 80, 81, 82, 83, 84 and 85 of the complaint call for a legal conclusion to which no response is required. To the extent a response is required, SFR denies the allegations in paragraphs 78, 79, 80, 81, 82, 83, 84 and 85 of the complaint.

36. SFR denies the allegations contained in paragraph 86 of the complaint.

## SECOND CAUSE OF ACTION
### (Permanent and Preliminary Injunction versus SFR, Siena HOA and Clarkson)

- 7 -

37. SFR repeats and realleges its answers to paragraphs 1 through 86 of the complaint as though fully set forth herein.

38. Answering paragraph 88 of the complaint, SFR admits that it is the current title holder of the Property and that its position is adverse to the Bank. SFR is without sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations contained in paragraph 88 of the complaint, and therefore denies said allegations.

39. The allegations in paragraphs 89, 90, 91, 92, 93 and 94 of the complaint call for a legal conclusion to which no response is required.  To the extent a response is required, SFR denies the allegations in paragraphs 89, 90, 91, 92, 93 and 94 of the complaint.

40. SFR denies the allegations contained in paragraph 95 of the complaint.

**THIRD CAUSE OF ACTION**
**(Wrongful Foreclosure versus D'Andrea HOA and Alessi)**

41. SFR repeats and realleges its answers to paragraphs 1 through 95 of the complaint as though fully set forth herein.

42. The allegations in paragraphs 97, 98, 99, 100, 101, 102 and 103 of the complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, SFR denies the allegations in paragraphs 97, 98, 99, 100, 101, 102 and 103 of the complaint.

43. SFR denies the allegations contained in paragraph 104 of the complaint.

**FOURTH CAUSE OF ACTION**
**(Negligence versus D'Andrea HOA and Alessi)**

44. SFR repeats and realleges its answers to paragraphs 1 through 104 of the complaint as though fully set forth herein.

45. The allegations in paragraphs 106, 107, 108, 109 and 110 of the complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, SFR denies the allegations in paragraphs 86, 87, 88, 89 and 90 of the complaint.

46. SFR denies the allegations contained in paragraph 111 of the complaint.

**FIFTH CAUSE OF ACTION**
**(Negligence Per Se versus D'Andrea HOA and Alessi)**

47. SFR repeats and realleges its answers to paragraphs 1 through 111 of the complaint as though fully set forth herein.

48. The statute referenced in paragraph 113 of the complaint speaks for itself and SFR denies any factual allegations inconsistent with said statute.

49. The allegations in paragraphs 114, 115, 116, 117, 118, 119 and 120 of the complaint calls for a legal conclusion to which no response is required. To the extent a response is required, SFR denies the allegations in paragraphs 94, 95, 96, 97, 98, 99 and 100 of the complaint.

50. SFR denies the allegations contained in paragraph 121 of the complaint.

## SIXTH CAUSE OF ACTION
### (Breach of Contract versus D'Andrea HOA and Alessi)

51. SFR repeats and realleges its answers to paragraphs 1 through 121 of the complaint as though fully set forth herein.

52. The allegations in paragraphs 123, 124 and 125 of the complaint calls for a legal conclusion to which no response is required. To the extent a response is required, SFR denies the allegations in paragraphs 123, 124 and 125 of the complaint.

53. SFR denies the allegations contained in paragraph 126 of the complaint.

## SEVENTH CAUSE OF ACTION
### (Misrepresentation versus D'Andrea HOA)

54. SFR repeats and realleges its answers to paragraphs 1 through 126 of the complaint as though fully set forth herein.

55. The document referenced in paragraphs 128, 129, 130, 131, 132, 133 and 134 of the complaint speaks for itself, and SFR denies any allegations inconsistent with said document. Upon information and belief, SFR specifically denies any allegation in paragraphs 128, 129, 130, 131, 132, 133 and 134 of the complaint that the Bank was not given notice as required by law. Answering paragraphs 128, 129, 130, 131, 132, 133 and 134 of the complaint, SFR denies it knew that the Bank and/or the "public at large" would rely on provisions in the CC&Rs inconsistent with NRS 116 and denies that any such reliance by the Bank caused the

- 9 -

foreclosure notices to be improper.  SFR is without sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations contained in paragraphs 108, 128, 129, 130, 131, 132, 133 and 134 of the complaint, and therefore denies said allegations.

56. The allegations in paragraph 135 of the complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, SFR denies the allegations in paragraph 135 of the complaint.

57. SFR denies the allegations contained in paragraph 136 of the complaint.

## EIGHTH CAUSE OF ACTION
### (Unjust Enrichment versus SFR, D'Andrea HOA and Alessi)

58. SFR repeats and realleges its answers to paragraphs 1 through 136 of the complaint as though fully set forth herein.

59. The allegations in paragraphs 138, 139, 140, 141, 142, 143, 144 and 146 of the complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, SFR denies the allegations in paragraphs 138, 139, 140, 141, 142, 143, 144 and 146 of the complaint.

60. SFR denies the allegations contained in paragraphs 145 and 147 of the complaint.

## NINTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing versus D'Andrea HOA and Alessi)

61. SFR repeats and realleges its answers to paragraphs 1 through 147 of the complaint as though fully set forth herein.

62. The document referenced in paragraphs 149, 150, 151, 152 and 153 of the complaint speaks for itself, and SFR denies any allegations inconsistent with said document.  The remaining allegations in paragraphs 149, 150, 151, 152 and 153 of the complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, SFR denies the allegations in paragraphs 149, 150, 151, 152 and 153 of the complaint.

63. . SFR denies the allegations contained in paragraph 154 of the complaint.

## AFFIRMATIVE DEFENSES

1. The Bank fails to state a claim upon which relief may be granted.

2. The Bank is not entitled to relief from or against SFR, as the Bank has not sustained any loss, injury, or damage that resulted from any act, omission, or breach by SFR.

3. The occurrence referred to in the complaint, and all injuries and damages, if any, resulting therefrom, were caused by the acts or omissions of the Bank.

4. The occurrence referred to in the complaint, and all injuries and damages, if any, resulting therefrom, were caused by the acts or omissions of a third party or parties over whom SFR had no control.

5. SFR did not breach any statutory or common law duties allegedly owed to the Bank.

6. The Bank's claims are barred because SFR complied with applicable statutes and with the requirements and regulations of the State of Nevada.

7. The Bank's claims are barred because the D'Andrea HOA and its agents complied with applicable statutes and with the requirements and regulations of the State of Nevada.

8. The Bank's causes of action are barred in whole or in part by the applicable statutes of limitations or repose, or by the equitable doctrines of laches, waiver, estoppel, and ratification.

9. The Bank is not entitled to equitable relief because it has an adequate remedy at law.

10. The Bank has no standing to enforce the first deed of trust and/or the underlying promissory note.

11. The first deed of trust and other subordinate interests in the Property were extinguished by the Association foreclosure sale held in accordance with NRS Chapter 116.

12. The Bank has no remedy against SFR because, pursuant to NRS 116.31166, SFR is entitled to rely on the recitals contained in the Association foreclosure deed that the sale was properly noticed and conducted.

13. The Bank has no remedy against SFR because SFR is a bona fide purchaser for value.

14. Pursuant to Federal Rules of Civil Procedure 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry at the time of filing this Answer. Therefore, SFR reserves the right to amend

this Answer to assert any affirmative defenses if subsequent investigation warrants.

## COUNTERCLAIM AND CROSS CLAIM

## FOR QUIET TITLE AND INJUNCTIVE RELIEF

SFR INVESTMENTS POOL 1, LLC ("SFR"), hereby demands quiet title and requests injunctive relief against Counter-Defendant U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE ASSET-BACKED CERTIFICATES, SERIES 2007-FF1 and Cross-Defendants, TROY F. RHEAUME, an individual; TROY T. OWEN, an individual, as follows:

### I.   PARTIES

1. SFR is a Nevada limited liability company with its principal place of business in Clark County, Nevada and the current title owner of the property commonly known as 2546 Napoli Drive, Sparks, NV 89434-2118; Parcel No. 402-283-13 (the "Property").

2. Upon information and belief, Counter-Defendant U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE ASSET-BACKED CERTIFICATES, SERIES 2007-FF1 ("U.S. Bank" or "the Bank") is a national banking association that may claim an interest in the Property via a deed of trust originated in 2005 by First Franklin, a Division of National City Bank ("First Franklin").

3. Upon information and belief, Cross-Defendants, TROY F. RHEAUME ("Rheaume") and TROY T. OWEN ("Owen") are Nevada residents and the former title owners of the Property.

### II.   GENERAL ALLEGATIONS

*SFR Acquired Title to the Property through Foreclosure of an Association Lien with Super Priority Amounts*

4. SFR acquired the Property on June 6, 2013 by successfully bidding on the Property at a publicly-held foreclosure auction in accordance with NRS 116.3116, *et. seq.* ("Association foreclosure sale").

5. On or about June 14, 2013, the resulting foreclosure deed was recorded in the Official Records of the Washoe County Recorder as Instrument Number 4247602 ("Association

Foreclosure Deed").

6. Since obtaining an interest in the Property, SFR has expended additional funds and resources in relation to the Property.

7. D'Andrea Community Association ("the Association") had a lien pursuant to NRS 116.3116(1) ("Association Lien") that was perfected at the time the Association recorded its declaration of CC&Rs.

8. The foreclosure sale was conducted by Alessi & Koenig, LLC ("Alessi"), agent for the Association pursuant to the powers conferred by the Nevada Revised Statutes 116.3116, 116.31162-116.31168, the Association's governing documents (CC&R's) and a Notice of Delinquent Assessments, recorded on June 29, 2010, in the Official Records of the Washoe County Recorder as Instrument Number 3896309.

9. As recited in the Association Foreclosure Deed, the Association foreclosure sale complied with all requirements of law, including but not limited to, recording and mailing of copies of Notice of Delinquent Assessments and Notice of Default, and the recording, posting and publication of the Notice of Sale.

10. Pursuant to NRS 116.3116(2), the entire Association Lien is prior to all other liens and encumbrances of unit except:

> (a) Liens and encumbrances recorded before the recordation of the declaration and, in a cooperative, liens and encumbrances which the association creates, assumes or takes subject to;
> (b) A first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent or, in a cooperative, the first security interest encumbering only the unit's owner's interest and perfected before the date on which the assessment sought to be enforced became delinquent; and
> (c) Liens for real estate taxes and other governmental assessments or charges against the unit or cooperative.

11. NRS 116.3116(2) further provides that a portion of the Association Lien has priority over even a first security interest in the Property:

> [the Association Lien] is also prior to all security interests described in paragraph (b) to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]

- 13 -

12. Pursuant to NRS 116.1104, the provisions of NRS 116.3116(2) granting priority cannot be waived by agreement or contract, including any subordination clause in the CC&Rs.

13. According to NRS 116.1108, real property law principles supplement the provisions of NRS 116.

14. Upon information and belief, the Association took the necessary action to trigger the super-priority portion of the Association Lien.

15. Upon information and belief, no party still claiming an interest in the Property recorded a lien or encumbrance prior to the declaration creating the Association.

16. Upon information and belief, the Bank and cross-defendants had actual and/or constructive notice of the requirement to pay assessments to the Association and of the Association Lien.

17. Upon information and belief, the Bank and cross-defendants had actual and/or constructive notice of the Association's foreclosure proceedings.

18. Upon information and belief, prior to the Association foreclosure sale, no individual or entity paid the full amount of delinquent assessments described in the Notice of Default.

19. Upon information and belief, the Bank had actual and/or constructive notice of the super-priority portion of the Association Lien.

20. Upon information and belief, at all relevant times, the Bank had internal policies and procedures relating to super-priority liens.

21. Upon information and belief, the Bank knew or should have known that its interest in the Property could be extinguished through foreclosure if it failed to cure the super-priority portion of the Association Lien representing 9 months of assessments for common expenses based on the periodic budget adopted by the association which would have become due in the absence of acceleration for the relevant time period.

22. Upon information and belief, prior to the Association foreclosure sale, no individual or entity paid the super-priority portion of the Association Lien representing 9 months of assessments for common expenses based on the periodic budget adopted by the association

- 14 -

which would have become due in the absence of acceleration for the relevant time period.

23. Pursuant to NRS 116.31166, the foreclosure sale vested title in the Association "without equity or right of redemption," and the Association Foreclosure Deed is conclusive against the Property's "former owner, his or her heirs and assigns, and **all other persons**."

*Interests, Liens and Encumbrances Extinguished by the Super-Priority Association Lien*

24. Upon information and belief, Rheaume and Owen first obtained title to the Property in November of 2006 through a grant, bargain sale deed from Gregory J. Romenkluk which was recorded in Official Records of the Washoe County Recorder as Instrument No. 3469201.

25. On or about November 30, 2008, First Franklin recorded a deed of trust against the Property in the Official Records of the Washoe County Recorder as Instrument No. 3469202 ("First Deed of Trust").

26. Upon information and belief, the Association was formed and its declaration of CC&Rs was recorded in the Official Records of the Washoe County Recorder before the First Deed of Trust was recorded.

27. Upon information and belief, First Franklin had actual and/or constructive notice of the Association Lien and NRS 116.3116 before it funded the loan secured by the First Deed of Trust.

28. The First Deed of Trust contains a Planned Unit Development Rider recognizing the applicability of Association's declaration of CC&Rs that were recorded.

29. Upon information and belief, on January 9, 2009, Chris Archuleta, Assistant Secretary for Mortgage Electronic Registration Systems, Inc. ("MERS") executed an assignment that transferred the beneficial interest in the First Deed of Trust, together with the underlying promissory note to LaSalle Bank National Association, as Trustee for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1 ("LaSalle").  The Assignment was recorded on February 2, 2009 against the Property in Official Records of the Washoe County Recorder as Instrument No.  3725541. ("2009 Assignment")

30. Upon information and belief, LaSalle had actual and/or constructive notice of the Association Lien, NRS 116.3116 and the Association's foreclosure proceedings before it

- 15 -

obtained an interest in the First Deed of Trust.

31. Upon information and belief, on December 10, 2010, Yvonne J. Wheeler, Assistant Vice President for Bank of America, National Association as Successor by Merger to LaSalle Bank National Association, as Trustee for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1 ("BANA") executed an assignment that transferred the beneficial interest in the First Deed of Trust, together with the underlying promissory note to BANA.  The Assignment was recorded on December 14, 2010 against the Property in Official Records of the Washoe County Recorder as Instrument No. 3953205. ("2010 Assignment")

32. Upon information and belief, BANA had actual and/or constructive notice of the Association Lien, NRS 116.3116 and the Association's foreclosure proceedings before it obtained an interest in the First Deed of Trust.

33. Upon information and belief, on August 17, 2011, Tricia Ann Hurley, Assistant Vice President for U.S. Bank executed an assignment that transferred the beneficial interest in the First Deed of Trust, together with the underlying promissory note to U.S. Bank.  The Assignment was recorded on August 30, 2011 against the Property in Official Records of the Washoe County Recorder as Instrument No. 4035941. ("2011 Assignment")

34. Upon information and belief, U.S. Bank had actual and/or constructive notice of the Association Lien, NRS 116.3116 and the Association's foreclosure proceedings before it obtained an interest in the First Deed of Trust.

35. Upon information and belief, on October 4, 2013, Martha Munoz, Assistant Vice President for MERS executed an assignment that transferred the beneficial interest in the First Deed of Trust, together with the underlying promissory note to U.S. Bank.  The Assignment was recorded on October 7, 2013 against the Property in Official Records of the Washoe County Recorder as Instrument No. 4287157. ("2013 Assignment")

36. Upon information and belief, U.S. Bank had actual and/or constructive notice of the Association Lien, NRS 116.3116 and the Association's foreclosure proceedings before it obtained an interest in the First Deed of Trust.

- 16 -

37. On September 18, 2014, the Nevada Supreme Court issued its opinion in *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, ___, 334 P.3d 408, 419 (2014), ruling that a non-judicial foreclosure of an associations' super-priority lien extinguishes a first deed of trust.

38. Despite the *SFR* ruling, on April 29, 2015, the Bank filed a complaint for quiet title, wrongful foreclosure and declaratory relief against SFR.

39. Rheaume's ownership interest and Owen's ownership interest in the Property, if any, was extinguished by the foreclosure of the Association Lien.

40. The Bank's security interest in the Property, if any, was extinguished by the foreclosure of the Association Lien, which contained super-priority amounts.

### III.  FIRST CLAIM FOR RELIEF
**(Declaratory Relief/Quiet Title Pursuant to NRS 30.010, *et. seq*., NRS 40.010 & NRS 116.3116)**

41. SFR repeats and realleges the allegations of paragraphs 1-39 as though fully set forth herein and incorporates the same by reference.

42. Pursuant to NRS 30.010, *et. seq*. and NRS 40.010, this Court has the power and authority to declare the SFR's rights and interests in the Property and to resolve the Bank's adverse claims in the Property.

43. The Bank may claim an interest in the Property through the First Deed of Trust, even after the Association foreclosure sale.

44. Upon information and belief, Rheaume and Owen, as former owners of the Property may claim an ownership interest in the Property.

45. A foreclosure sale conducted pursuant to NRS 116.31162-116.31168, like all foreclosure sales, extinguishes the title owner's interest in the Property and all junior liens and encumbrances, including deeds of trust.

46. Pursuant to NRS 116.3116(2), the super-priority portion of the Association Lien has priority over the First Deed of Trust.

47. The Bank and the cross-defendants were duly notified of the Association foreclosure sale

and failed to act to protect their interests in the Property, if any legitimately existed.

48. SFR is entitled to a declaratory judgment from this Court finding that: (1) SFR is the title owner of the Property; (2) the Association foreclosure deed is valid and enforceable; (3) the Association foreclosure sale extinguished the Bank's security interest in the Property, Cross-Defendants Rheaume and Owens' ownership interest in the Property; and (4) SFR's rights and interest in the Property are superior to any adverse interest claimed by the Bank and/or Cross-Defendants.

49. SFR seeks an order from the Court quieting title to the Property in favor of SFR.

### IV. SECOND CLAIM FOR RELIEF
### (Preliminary and Permanent Injunction)

50. SFR repeats and realleges the allegations of paragraphs 1-48 as though fully set forth herein and incorporate the same by reference.

51. As set forth above, the Bank has claimed and Cross-Defendants may claim security and ownership interests in the Property.

52. A foreclosure sale based on the First Deed of Trust would be invalid as the Bank lost its interests in the Property, if any, at the Association foreclosure sale.

53. Any attempt to take or maintain possession of the Property by the Bank or Cross-Defendants would be invalid because their interest in the Property, if any, was extinguished by the Association foreclosure sale.

54. Any attempt to sell, transfer, encumber or otherwise convey the Property by the Bank or Cross-Defendants would be invalid because their interest in the Property, if any, was extinguished by the Association foreclosure sale.

55. On the basis of the facts described herein, SFR has a reasonable probability of success on the merits of its claims and has no other adequate remedies at law.

56. SFR is entitled to a preliminary injunction and permanent injunction prohibiting Defendants from any sale or transfer that would affect the title to the Property.

### V. PRAYER FOR RELIEF

Plaintiff requests judgment against the Bank and Cross-Defendants as follows:

1. For a declaration and determination that SFR Investments Pool 1, LLC is the rightful owner of title to the Property, and that the Bank and Cross-Defendants be declared to have no right, title or interest in the Property;

2. For a preliminary and permanent injunction that the Bank and the Cross-Defendants, their successors, assigns and agents are prohibited from initiating or continuing foreclosure proceedings, and from selling or transferring the Property;

3. For an award of attorney's fees and costs of suit; and

4. For any further relief that the Court may deem just and proper.

DATED June 9th, 2015.

**HOWARD KIM & ASSOCIATES**

*/s/ Diana S. Cline*
Howard C. Kim, Esq.
Nevada Bar No. 10386
Diana S. Cline, Esq.
Nevada Bar No. 10580
Jacqueline A. Gilbert, Esq.
Nevada Bar No. 10593
1055 Whitney Ranch Drive, Suite 110
Henderson, Nevada 89014
Phone: (702) 485-3300
Fax:    (702) 485-3301
*Attorneys for SFR Investments Pool 1, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of June, 2015, pursuant to FRCP 5, I served via the CMEF electronic filing system the foregoing **Answer, Counterclaim and Cross-Claim** to the following parties:

Dana Jonathon Nitz, Esq.
Natalie C. Lehman, Esq.
WRIGHT FINLAY & ZAK, LLP
7785 W. Saraha Ave., Suite 200
Las Vegas, NV 89117
*Attorneys for U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE ASSET-BACKED CERTIFICATES, SERIES 2007-FF1*

/s/ *Andrew M. David*
An Employee of Howard Kim & Associates