LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.
KALEB D. ANDERSON, ESQ.
NEVADA BAR NO. 7582
SIRIA L. GUTIERREZ, ESQ.
NEVADA BAR NO. 11981
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada  89144
Phone: (702) 382-1500
Fax: (702) 382-1512
kanderson@lipsonneilson.com
sgutierrez@lipsonneilson.com

*Attorneys for Defendant*
*Siena Homeowners Association*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE ASSET BACKED CERTIFICATES, SERIES 2007-FF1<br><br>Plaintiffs,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC., a Nevada Limited Liability Company; D'ANDREA COMMUNITY ASSOCIATION, a Domestic Non-profit Corporation; ALESSI & KOENIG, LLC.,  a Domestic Limited Liability Company, SIENA HOMEOWNERS ASSOCIATION,  a Domestic Non-Profit Corporation; THE CLARKSON LAW GROUP, P.C., a Nevada Professional Corporation,<br><br>Defendants. | CASE NO: 3:15-cv-00241-RCJ-WGC<br><br><br>**MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)** |

**I.    Introduction**

U.S. Bank's lawsuit against Siena HOA seeks to punish it for a foreclosure sale it had nothing to do with and to enjoin Siena HOA from conducting a hypothetical, non-existent foreclosure.  Simply put, as to Siena HOA, this matter is simply not ripe and U.S. Bank cannot state a cause for relief against Siena HOA. Therefore, Siena HOA asks to be dismissed from this premature action against it.

*(Left margin, vertical text:)* LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

**II.**   **Statement of Relevant Facts**

On or about June 6, 2013, D'Andrea Community Association conducted a non-judicial foreclosure on the residence located at 2546 Napoli Drive, Sparks, Nevada 89434. Complaint ¶ 2, 32. SFR Investment Pool 1, LLC acquired the property and recorded its Trustee's Deed Upon Sale on June 14, 2013. Complaint ¶ 31-32. Seina HOA had nothing to do with the foreclosure sale. See, Complaint, Exhibit 7,8, 9, and 15. Siena HOA is a completely separate entity to the D'Andrea Community Association, which foreclosed on the property in 2013.

Nearly 15-months after the foreclosure sale, Siena HOA recorded a Notice of Delinquent Assessment Lien on September 4, 2014. Complaint ¶ 33, Exhibit 16. Siena HOA's lien amount as of November 3, 2014, was $3,238.73. See, Exhibit Docket Entry No. 24-3, Notice of Default and Election to Sell Under Notice of Delinquent Assessment. There has been no notice of foreclosure and no sale date has been set. In other words, there is no pending foreclosure sale.

**III.**   **Standard of Review**

A United States district court sitting in diversity jurisdiction applies the substantive state law in which the court sits and the federal procedural law; therefore, Nevada law governs the substantive matter and the Federal Rules of Civil Procedure. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *see also Shannon-Vail Five Inc., et al. v. Bunch, et al.*, 270 F.3d 1207, 1210 (9th Cir. 2001) ("A federal district court must apply the state law that would be applied by the state court of the state in which it sits.").

**A.**   **Motion to dismiss for failure to state a claim of relief**

A motion to dismiss is warranted when a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A district court must consider all allegations in the complaint in the light most favorable to the nonmoving party. *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246 (9th Cir.1997). The complaint should be dismissed, however, if it "appears beyond a doubt that it could prove no set of facts, which if true,

would entitle [the plaintiff] to relief." *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008).   Plaintiffs must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1959, 167 L.Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[;]" instead, a plaintiff must allege "enough facts to state a claim for relief that is plausible"- not merely "conceivable"- on its face.   *Id.* at 1974.   *See also Wensley v. First Nat. Bank of Nevada,* 874 F.Supp. 2d 957, 962 (D. Nev. 2012) (noting that *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1953, 173 L.Ed. 2d 868 (2009) clarifies that *Twombly* applies to pleadings in all "civil actions").

**IV.   US Bank has failed to state a claim because the issue is not ripe as to Siena HOA and the only purported cause of action against Siena is not a viable cause of action**

Article III requires that federal courts only hear matters where there is a controversy. "The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *46 Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003). Indeed, the ripeness doctrine prevents federal courts from "becoming entangled in 'abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), abrogated on other grounds by *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)). A matter is not ripe "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 662 (9th Cir.2002).

**A.   This matter is not ripe and should be dismissed**

There is no dispute that Siena HOA was not a party to the non-judicial foreclosure on June 6, 2013; thus, the only cause of action listed in U.S. Bank's Complaint is an action for a preliminary injunction.   U.S. Bank, however, never states what it is trying to enjoin

**LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.**
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

Siena HOA from doing. See, Complaint ¶ 87-95. In fact, the only party truly mentioned in the preliminary injunction section is SFR, and there is no mention of Siena HOA.

Siena HOA anticipates that U.S. Bank will argue that because Siena HOA has recorded a Notice of Delinquency that the action of recording the Notice means there is a pending foreclosure. This argument is flawed because the only action that can give notice of a pending foreclosure, per Nevada law, is a Notice of Sale in compliance with NRS § 116.311635. No Notice of Sale has been recorded and served in this matter.

Thus, this entire litigation against Siena HOA is contingent upon some potential future event and abstract disagreement. With no pending sale, it would be fundamentally unfair and enjoin Siena HOA from exercising its rights. In fact, it would completely stop Siena from conducting any of the lawful activities it is allowed to conduct in Nevada. If this Court allows U.S. Bank to enjoin Siena HOA, despite the record that Siena HOA has done nothing to harm any party it would empower the banks to seek to enjoin HOAs throughout Nevada simply for exercising their rights. The chilling effects would cause HOAs to abandon their rights for fear of unnecessary litigation simply for attempting to comply with the statutory requirements. The Court cannot allow this to occur and should dismiss this premature action.

**B.      An injunction is not a cause of action**

Fed. R. Civ. P. 65. governs injunctions. Plaintiffs bear the burden of establishing by motion that it will suffer immediate and irreparable harm, meaning "money damages alone will not suffice to restore the moving party to its rightful position." *Clark Pacific v. Krump Constr., Inc.*, 942 F.Supp. 1324, 1346 (D.Nev.1996). To obtain the injunction a plaintiff must show: (1) the suffering of irreparable harm if injunctive relief is not granted; (2) success on the merits; (3) the balance of equities tips in favor of the moving party; and (4) granting the injunction is in the public interest. *See Stanley v. University of Southern California,* 13 F.3d 1313, 1319 (9th Cir.1994).

///

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512

1

2    Here, there is no need to even address the injunction factors because U.S. Bank

3 cannot show that it will suffer immediate and irreparable harm. This is because Siena HOA

4 has not filed and served a Notice of Sale. There is nothing immediate about a potential,

5 speculative, and remote foreclosure at some undefined time in the future.  If this Court were

6 to entertain U.S. Bank's request to enjoin Siena HOA from conducting some speculative

7 event it would necessarily "becom[e] entangled in 'abstract disagreements.'" *Abbott Labs.*,

8 387 U.S. at 148.

9 **V.    Conclusion**

10    To sum up, Siena HOA does not have a pending foreclosure sale. Siena HOA had

11 nothing to do with the June 2013 foreclosure. As a result, this lawsuit is completely

12 premature as to Siena HOA as it has no place in this litigation and following statutory

13 requirements is not a basis for a lawsuit. Thus, U.S. Bank has failed to state a claim against

14 Siena HOA and it should be dismissed from this action in total and for any sanctions this

15 Court deems appropriate.

16    DATED this __10th__ day of June, 2015.

17

18    LIPSON, NEILSON, COLE, SELTZER, GARIN, P.C.

19

20    By:___/s/ Kaleb D. Anderson_____
         KALEB D. ANDERSON.
21       NEVADA BAR NO. 7582
         SIRIA L. GUTIERREZ, ESQ.
22       NEVADA BAR NO. 11981
         9900 Covington Cross Drive, Suite 120
23       Las Vegas, Nevada  89144

24       *Attorneys for Defendant*
         *Siena Homeowners Association*

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on the  10th  day of June, 2015, service of the foregoing

**MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)** was made pursuant to FRCP 5(b)

and electronically transmitted to the Clerk's Office using the CM/ECF system for filing and

transmittal to all interested parties.

Dana Jonathon Nitz, Esq.
Natalie C. Lehman, Esq.
WRIGHT, FINLAY, & ZAK, LLP.
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
*Attorneys for Plaintiff U.S. Bank National Association*

Howard C. Kim, Esq.
Diana S. Cline, Esq.
Jacqueline A. Gilbert, Esq.
HOWARD KIM & ASSOCIATES
1055 Whitney Ranch Drive, Suite 110
Henderson, NV 89014
*Attorneys for SFR Investments Pool 1, LLC.*

Adam H. Clarkson, Esq.
James B. Fairbanks, Esq.
Matthew J. Mcalonis, Esq.
THE CLARKSON LAW GROUP, P.C.
2300 W. Sahara Ave., Suite 950
Las Vegas, NV 89102
*Attorneys for Defendant The Clarkson Law Group, P.C.*

   */s/ Talin Ebrahimian*
An Employee of
LIPSON, NEILSON, COLE, SELTZER, GARIN, P.C.

**LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.**
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
Telephone: (702) 382-1500   Facsimile: (702) 382-1512