DIANA CLINE EBRON, ESQ.
Nevada Bar No. 10580
E-mail: diana@KGELegal.com
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
E-mail: jackie@KGELegal.com
KAREN L. HANKS, ESQ.
Nevada Bar No. 9578
E-mail: karen@KGELegal.com
KIM GILBERT EBRON
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139
Telephone: (702) 485-3300
Facsimile: (702) 485-3301
*Attorneys for SFR Investments Pool 1, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE ASSET-BACKED CERTIFICATES, SERIES 2007-FF1,<br><br>Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada Limited Liability Company; D'ANDREA COMMUNITY ASSOCIATION, a Domestic Non-Profit Corporation; ALESSI & KOENIG, LLC, a Domestic Limited Liability Company; SIENA HOMEOWNERS ASSOCIATION, a Domestic Non-Profit Corporation; THE CLARKSON LAW GROUP, P.C., a Nevada Professional Corporation. | Case No. 3:15-cv-00241-RCJ-WGC<br><br>**MOTION TO CERTIFY A QUESTION OF LAW TO NEVADA'S SUPREME COURT** |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Counter-Claimant,<br><br>vs.<br><br>U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE ASSET-BACKED CERTIFICATES, SERIES 2007-FF1; TROY F. RHEAUME, an individual; TROY T. OWEN, an individual, | |

- 1 -

Counter-Defendant/Cross-Defendants.

Pursuant to NRAP 5, SFR Investments Pool 1, LLC ("SFR") files this Motion to Certify a Question of Law to Nevada's Supreme Court. It is based upon the attached memorandum of points and authorities and the filed pleadings and papers.

### MEMORANDUM OF POINTS & AUTHORITIES

### I.   INTRODUCTION

On August 24, 2016, this Court entered an Order regarding one motion to dismiss and three motions for summary judgment. ECF No. 134. That Order noted that there is uncertainty about how Nevada's Supreme Court interpreted NRS § 116.31168(1)'s incorporation of NRS § 107.090. *Id.* at 12:5-15. The instant Motion addresses this uncertainty by respectfully requesting this Court to certify a question of law to Nevada's Supreme Court concerning 116.31168(1)'s incorporation of 107.090.

This Court should certify the following question to Nevada's Supreme Court: **Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners' associations to provide notices of default to banks even when a bank does not request notice?**

Certification is appropriate because: (i) the certified question's answer "may 'be determinative of' part" of this case, (ii) *Bourne Valley*'s interpretation of 116.31168(1) acted as though "there is no controlling" Nevada precedent, and (iii) the answer "will help settle important questions of law." *Volvo Cars of N. Am., Inc. v. Ricci*, 137 P.3d 1161, 1164 (Nev. 2006) (internal citation omitted).

### II.   LEGAL ARGUMENT

#### A.   Legal Standard

Under NRAP 5(b), SFR can file a motion for an order that certifies a question to Nevada's Supreme Court. If this Court issues such an order, then Nevada's Supreme Court will have discretion over whether to answer the certified question. 5(a); *Fed. Ins. Co. v. Am. Hardware Mut. Ins.*, 184 P.3d 390, 392 (Nev. 2008). Nevada's Supreme Court will answer a certified question when: (i) the question's answer may be determinative of part of the federal suit, (ii) no controlling

1 Nevada precedent exists, and (iii) the question's answer will help settle important questions of law. *Volvo*, 137 P.3d at 1164. As is explained below, these factors are satisfied, warranting certification.

### B. The Certified Question's Answer will be Determinative of Part of this Case

The first factor is whether SFR's question is a "question[] of law of this state which may be determinative of" part of this case. 5(a); *Volvo*, 137 P.3d at 1164. Here, SFR's question focuses on the interpretation of 116.31168(1), which is a "law of this state." 5(a). As such, SFR's question is a "question[] of law of this state . . . ." Additionally, the answer to SFR's question "may be determinative of part of" this case because it will definitively resolve 116.31168(1)'s meaning. *Fed. Ins. Co.*, 184 P.3d at 392. On the one hand, *Bourne Valley* construed 116.31168(1)'s incorporation of 107.090 as not requiring associations "to provide notice of default to mortgage lenders even absent a request . . . ." *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1159 (9th Cir. 2016). On the other hand, *Bourne Valley*'s interpretation of 116.31168(1) is "only binding in the absence of any subsequent indication from the [Nevada] courts that our interpretation was incorrect." *Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir.1983).

Importantly, Nevada's Supreme Court has the final say over 116.31168(1)'s meaning. *Cal. Teachers Ass'n v. State Bd. of Educ.*, 271 F.3d 1141, 1146 (9th Cir. 2001) ("It is solely within the province of the state courts to authoritatively construe state legislation."). If Nevada's Supreme Court rejects *Bourne Valley*'s construction of 116.31168(1), then the Ninth Circuit must follow Nevada's highest court; *Bourne Valley* would not be binding. *United States v. Swisher*, 771 F.3d 514, 524 (9th Cir. 2014); *CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099, 1106 n.6 (9th Cir. 2007); *Rotec Indus., Inc. v. Mitsubishi Corp.*, 348 F.3d 1116, 1122 n.3 (9th Cir. 2003); *Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895, 903 (9th Cir. 2000); *Owen*, 713 F.2d at 1464. To put it even more bluntly, "**_a state supreme court can overrule us on a question of state law_**," *Henderson v. Pfizer, Inc.*, 285 F. App'x 370, 373 (9th Cir. 2008) (emphasis added), and "we are required to follow intervening decisions of the [Nevada] Supreme Court that interpret state law in a way that contradicts our earlier interpretation of that law." *Bonilla v. Adams*, 423 F. App'x 738, 740 (9th Cir. 2011). Essentially, 116.31168(1)'s meaning is an issue of state law that Nevada's Supreme Court "can overrule" *Bourne Valley* on.

1  *Id.* As a result, this Court should certify SFR's question because it is a "question[] of law of this
2  state which may be determinative of" part of this case. 5(a); *Volvo*, 137 P.3d at 1164.

3  **C.    *Bourne Valley* Acted as Though there is No Controlling Nevada Precedent**

4  The second factor is whether "controlling Nevada precedent exists[.]"*Fed. Ins. Co.*, 184
5  P.3d at 392. Certification is appropriate when there is no controlling Nevada precedent. *Volvo*, 137
6  P.3d at 1164. Here, *Bourne Valley* acted as though "there is no controlling" Nevada precedent on
7  116.31168(1)'s meaning.[1] Inexplicably, *Bourne Valley* ignored the Nevada Supreme Court's 2014
8  *SFR* decision, which construed 116.31168(1). *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*,
9  334 P.3d 408, 411, 417, 418, 422 (Nev. 2014). As Judge Dorsey noted, *Bourne Valley* "makes no
10 mention of the Nevada Supreme Court's own interpretation of Chapter 116's notice provisions in
11 the *SFR* opinion . . . ." *U.S. Bank, N.A. v. Ascente Homeowners Ass'n*, No. 2:15–cv–00302–JAD–
12 VCF, 2016 WL 4402807, at *1 (D. Nev. Aug. 17, 2016). Similarly, Judge Gordon observed that
13 "the *Bourne Valley* majority opinion does not address the fact that the Supreme Court of Nevada
14 has already construed this Nevada state statute to require notice to the mortgage lenders. Even the
15 dissenting justices in *SFR* agreed this was the proper interpretation of Nevada's statutory scheme."
16 *Deutsche Bank Nat'l Trust Co. v. SFR Investments Pool 1, LLC*, No. 2:14–cv–001131–APG–VCF,
17 2016 WL 4419285, at *1 (D. Nev. Aug. 18, 2016) (internal citation omitted). Regardless, this
18 Court should certify SFR's question because *Bourne Valley* acted as though there is no controlling
19 Nevada precedent on 116.31168(1)'s meaning.

20 **D.    The Certified Question's Answer will Settle Important Questions of Law**

21 The third factor is whether an answer to SFR's question "will help settle important
22 questions of law." *Volvo*, 137 P.3d at 1164. Here, the meaning of 116.31168(1) is an important
23 question of *Nevada* law, which "is solely within the province of [Nevada's Supreme Court] to
24 authoritatively construe . . . ." *Cal. Teachers Ass'n*, 271 F.3d at 1146.[2] Again, SFR's question is:

---

[1] *Compare Bourne Valley*, 832 F.3d at 1159 (116.31168(1)'s incorporation of 107.090 did not require associations to provide banks with notice absent a request for notice), *with SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 411, 417, 418, 422 (Nev. 2014) (116.31168(1)'s incorporation of 107.090 required associations to provide notice to banks that recorded their security interest).

[2] *See also O'Brien v. Skinner*, 414 U.S. 524, 531 (1974) ("It is not our function to construe a state

- 4 -

Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners' associations to provide notices of default to banks even when a bank does not request notice? If Nevada's Supreme Court answers this question with a "Yes,"—as it did in *SFR*—then *Bourne Valley*'s contrary construction is not binding. *Swisher*, 771 F.3d at 524; *Bonilla*, 423 F. App'x at 740; *Henderson*, 285 F. App'x at 373; *CRST*, 479 F.3d at 1106 n.6; *Rotec Indus., Inc.*, 348 F.3d at 1122 n.3; *Cal. Teachers Ass'n*, 271 F.3d at 1146; *Pershing Park*, 219 F.3d at 903; *Owen*, 713 F.2d at 1464. *Bourne Valley* turned on the meaning of 116.31168(1), an issue of *Nevada* law that *Nevada's* Supreme Court should resolve. After all, core principles of Federalism dictate that state law is the province of state courts. *O'Brien v. Skinner*, 414 U.S. 524, 531 (1974); *High v. Ignacio*, 408 F.3d 585, 590 (9th Cir. 2005). It is these principles of Federalism that NRAP 5 is designed to promote. *Volvo*, 137 P.3d at 1164 (NRAP 5's purposes are federalism, comity, and judicial efficiency). Ultimately, the certified question's answer will settle important questions of law.

### III.   CONCLUSION

For the foregoing reasons, this Court should grant SFR's Motion to Certify a Question of Law to Nevada's Supreme Court. Certification is appropriate because: (i) the certified question's answer "may 'be determinative of' part" of this case, (ii) *Bourne Valley*'s interpretation of 116.31168(1) acted as though "there is no controlling" Nevada precedent, and (iii) the answer "will help settle important questions of law." *Volvo*, 137 P.3d at 1164.

DATED this 17th day of November, 2016.

**KIM GILBERT EBRON**

*/s/Diana Cline Ebron*
DIANA CLINE EBRON, ESQ.
Nevada Bar No. 10580
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
KAREN L. HANKS, ESQ.
Nevada Bar No. 9578
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139
*Attorneys for SFR Investments Pool 1, LLC*

---

statute contrary to the construction given it by the highest court of a State."); *High v. Ignacio*, 408 F.3d 585, 590 (9th Cir. 2005) ("This court accepts a state court ruling on questions of state law.").

KIM GILBERT EBRON
7625 DEAN MARTIN DRIVE, SUITE 110
LAS VEGAS, NEVADA 89139
(702) 485-3300 FAX (702) 485-3301

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of November 2016, pursuant to FRCP 5, I served via the CM-ECF electronic filing system the foregoing **MOTION TO CERTIFY A QUESTION OF LAW TO NEVADA'S SUPREME COURT** to the following parties:

Dana Jonathon Nitz
Natalie C. Lehman
Wright, Finlay & Zak, LLP
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
702-475-7964
Fax: 702-946-1345
Email: dnitz@wrightlegal.net
Email: nlehman@wrightlegal.net
*Attorneys for US Bank National Association, as Trustee for the First Franklin Mortgage Loan Trust, Mortgage Asset Backed Certificates, Series 2007 FF1*

Steven T. Loizzi , Jr.
Alessi & Koenig, LLC
9500 West Flamingo Road, Suite 205
Las Vegas, NV 89147-5721
(702) 222-4033
Fax: (702) 222-4043
Email: steve@alessikoenig.com
*Attorney for Alessi & Koenig, LLC*

Michael E Sullivan
Robison Belaustegui Sharp & Low
71 Washington Street
Reno, NV 89503
(775) 329-3151
Email: msullivan@rbsllaw.com
*Attorney for Troy T. Owen & Troy F. Rheaume*

                                          */s/ Andrew M. David*_____
                                          An Employee of Kim Gilbert Ebron

**KIM GILBERT EBRON**
7625 DEAN MARTIN DRIVE, SUITE 110
LAS VEGAS, NEVADA 89139
(702) 485-3300 FAX (702) 485-3301