**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| US BANK, N.A., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SFR INVESTMENTS POOL 1, LLC et al., ) <br> ) <br> Defendants. ) | 3:15-cv-00241-RCJ-WGC <br><br> **ORDER** |

This case arises out of a homeowners' association ("HOA") foreclosure sale. Pending before the Court is a motion to certify a question of law to the Nevada Supreme Court.

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiff US Bank, N.A. became the successor beneficiary of a $236,000 promissory note (the "Note") and first deed of trust (the "DOT") encumbering real property at 2546 Napoli Dr., Sparks, NV 89434 (the "Property") on October 7, 2013. (Compl. ¶¶ 2, 6–19, ECF No. 1). Four months earlier, on June 6, 2013, Defendant D'Andrea HOA ("D'Andrea") had sold the Property to Defendant SFR Investments Pool 1, LLC ("SFR") for $9,000 at a non-judicial HOA foreclosure sale. (*Id.* ¶¶ 31–32). Prior to the sale, counsel for US Bank's predecessor-in-interest had tendered the $288 superpriority piece of D'Andrea's lien to D'Andrea's counsel, Defendant Alessi & Koenig, LLC ("Alessi"), but Alessi had rejected the tender. (*Id.* ¶¶ 24–30). Defendant Siena HOA ("Siena") (a sub-HOA of D'Andrea) and its agent, Defendant The Clarkson Law

Group, P.C. ("Clarkson"), later initiated a subsequent non-judicial HOA foreclosure based on SFR's own delinquency in paying HOA assessments to Siena.

US Bank sued SFR, D'Andrea, Alessi, Siena, and Clarkson in this Court for: (1) quiet title; (2) a preliminary injunction; (3) wrongful foreclosure; (4) negligence; (5) negligence per se; (6) breach of contract; (7) misrepresentation; (8) unjust enrichment; and (9) breach of the covenant of good faith and fair dealing. SFR answered and counterclaimed for declaratory relief that D'Andrea's June 6, 2013 foreclosure sale extinguished the DOT under Nevada Revised Statutes section ("NRS") 116.3116.

Clarkson moved to dismiss the single claim against it for a preliminary injunction, and Siena separately moved to dismiss the quiet title and preliminary injunction claims for failure to state a claim. US Bank moved to dismiss SFR's Counterclaim and for a preliminary injunction preventing Siena and its agents (including Clarkson) from selling the Property. The Court denied Clarkson's and Siena's motions to dismiss but granted US Bank's motion to dismiss the Counterclaim, with leave to amend. The Court consolidated US Bank's preliminary injunction motion with a trial on the merits as to the single question of the superpriority amount of Siena's lien against the Property. US Bank stipulated to dismiss as against Clarkson and Siena when they released the lien and rescinded the notice thereof. SFR filed the Amended Counterclaim ("ACC"). US Bank moved to dismiss the ACC for failure to state a claim or, in the alternative, for summary judgment, and SFR filed a countermotion for summary judgment. US Bank and SFR filed additional cross motions for summary judgment as to US Bank's claims. The Court granted the motion to dismiss the ACC and denied SFR's countermotion for summary judgment. The Court denied US Bank summary judgment under the opt-in notice statutes but granted it summary judgment on the quiet title claim under the *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1159 (9th Cir. 2016) and the issue of pre-sale tender of the

superpriority amount.  The Court reserved judgment on commercial unreasonableness issues.  The Court granted summary judgment to SFR against the unjust enrichment claim.

## II. DISCUSSION

SFR asks the Court to certify the following question to the Nevada Supreme Court: "Does NRS 116.31168(1)'s incorporation of NRS 107.090 require homeowners' associations to provide notices of sale to banks even when a bank does not request notice?"  The Court will not certify the question.  As the Court has ruled after careful analysis of the language of the statute, the statute's legislative history, and the Nevada Supreme Court's own language interpreting the statute's operation, the answer is "no." *See U.S. Bank, N.A. v. SFR Invs. Pool 1, LLC*, 124 F. Supp. 3d 1063, 1079–80 (D. Nev. 2015) (citing *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 411 (Nev. 2014)).  The Court of Appeals has since ruled in accord. *See Bourne Valley Court Tr.*, 832 F.3d at 1159 (reasoning that NRS 116.31168's incorporation of NRS 107.090(3)–(4) would render NRS 116.31163 and 116.311635 superfluous).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Certify (ECF No. 139) is DENIED.

IT IS SO ORDERED.

DATED: This 24th day of May, 2017.

_____
ROBERT C. JONES
United States District Judge