

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| US BANK, N.A., ) | |
| Plaintiff, ) | 3:15-cv-00241-RCJ-WGC |
| vs. ) | |
| SFR INVESTMENTS POOL 1, LLC et al., ) | ORDER |
| Defendants. ) | |

This case arises out of a homeowners' association ("HOA") foreclosure sale. Pending before the Court is a motion to enter partial final judgment under Rule 54(b).

I.     FACTS AND PROCEDURAL HISTORY

US Bank, N.A. became the successor beneficiary of a $236,000 promissory note ("the Note") and first deed of trust ("the DOT") encumbering real property at 2546 Napoli Dr., Sparks, NV 89434 ("the Property") on October 7, 2013. (Compl. ¶¶ 2, 6–19, ECF No. 1). Four months earlier, on June 6, 2013, D'Andrea HOA ("D'Andrea") had sold the Property to SFR Investments Pool 1, LLC ("SFR") for $9,000 at a non-judicial HOA foreclosure sale. (Id. ¶¶ 31–32). Prior to that sale, counsel for US Bank's predecessor-in-interest had tendered the $288 superpriority piece of D'Andrea's lien to D'Andrea's counsel, Alessi & Koenig, LLC ("Alessi"), but Alessi had rejected the tender. (Id. ¶¶ 24–30). Siena HOA ("Siena") (a sub-HOA of

D'Andrea) and its agent, The Clarkson Law Group, P.C. ("Clarkson"), later initiated its own non-judicial HOA foreclosure based on SFR's delinquency in paying HOA assessments to Siena.

US Bank sued SFR, D'Andrea, Alessi, Siena, and Clarkson in this Court for: (1) quiet title; (2) a preliminary injunction; (3) wrongful foreclosure; (4) negligence; (5) negligence per se; (6) breach of contract; (7) misrepresentation; (8) unjust enrichment; and (9) breach of the covenant of good faith and fair dealing. SFR answered and counterclaimed for declaratory relief that D'Andrea's June 6, 2013 foreclosure sale had extinguished the DOT under Nevada Revised Statutes section ("NRS") 116.3116.

Clarkson moved to dismiss the single claim against it for a preliminary injunction, and Siena separately moved to dismiss the quiet title and preliminary injunction claims for failure to state a claim. US Bank moved to dismiss SFR's Counterclaim and for a preliminary injunction preventing Siena and its agents (including Clarkson) from selling the Property. The Court denied Clarkson's and Siena's motions to dismiss but granted US Bank's motion to dismiss the Counterclaim, with leave to amend. The Court consolidated US Bank's preliminary injunction motion with a trial on the merits as to the single question of the superpriority amount of Siena's lien against the Property. US Bank stipulated to dismiss as against Clarkson and Siena when they released the lien and rescinded the notice thereof. SFR filed the Amended Counterclaim ("ACC").

US Bank moved to dismiss the ACC for failure to state a claim or, in the alternative, for summary judgment, and SFR filed a countermotion for summary judgment. US Bank and SFR filed additional cross motions for summary judgment as to US Bank's claims. In the meantime, US Bank filed the First Amended Complaint ("FAC"). The Court granted the motion to dismiss the ACC and denied SFR's countermotion for summary judgment. The Court denied US Bank summary judgment under the opt-in notice statutes but granted it summary judgment on the quiet

title claim under *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1159 (9th Cir. 2016) and the issue of pre-sale tender of the superpriority amount. The Court reserved judgment on commercial unreasonableness issues. The Court granted summary judgment to SFR against the unjust enrichment claim. US Bank's claims for wrongful foreclosure (D'Andrea and Alessi), negligence (D'Andrea and Alessi), breach of contract (D'Andrea and Alessi), misrepresentation (D'Andrea), and breach of the covenant of good faith and fair dealing (D'Andrea and Alessi) remained. (*See* First Am. Compl., ECF No. 82).[1]

The Court denied a motion by SFR to certify a question to the Nevada Supreme Court concerning interpretation of Chapter 116's notice scheme because the Court of Appeals had already interpreted the statute contrary to SFR's suggestion, *see Bourne Valley Court Tr.*, 832 F.3d at 1159, and the answer was clear in any case, *see U.S. Bank, N.A. v. SFR Invs. Pool 1, LLC*, 124 F. Supp. 3d 1063, 1079–80 (D. Nev. 2015) (Jones, J.) (citing *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 411 (Nev. 2014)). In later cases, this Court has also noted that even if the answer remained open, the due process issue would not be obviated by SFR's suggested interpretation of the state statute, because a state statute cannot obviate the federal constitutional requirement of reasonable notice under all of the circumstances via a rule providing for a conclusive presumption of notice upon proof of some fact such as a deed recital. *See, e.g., Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, No. 2:13-cv-1231, 2017 WL 58566, at *2 (D. Nev. Jan. 4, 2017) (Jones, J.) (citing *Jones v. Flowers*, 547 U.S. 220, 226–27 (2006) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 799 (1983); *United States v. Simmons*, 476 F.3d 33, 36–37

---

1 The claim for "preliminary injunction" is not an independent cause of action, and no motion for preliminary injunctive relief was ever filed. "Negligence per se" is also not an independent cause of action separate from the negligence claim but a legal theory affecting the standards of the negligence claim.

(9th Cir. 1973)). Alessi filed for Chapter 7 bankruptcy, and D'Andrea obtained substitute counsel (Alessi is not only a party to this case but was also previously D'Andrea's counsel).

## II. DISCUSSION

US Bank has now asked the Court to enter final judgment as to all claims thus far adjudicated, noting that the automatic stay under 11 U.S.C. § 362 has been lifted in Alessi's bankruptcy action. No party has timely responded. There is no just reason for delay.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Judgment (ECF No. 145) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment: (1) in favor of US Bank, N.A. and against SFR Investments Pool 1, LLC as to the quiet title claim in the First Amended Complaint (ECF No. 82); (2) in favor of SFR Investments Pool 1, LLC and against US Bank, N.A. as to the unjust enrichment claim in the First Amended Complaint (ECF No. 82); and (3) in favor of US Bank, N.A., Troy F. Rheaume, and Troy T. Owen and against SFR Investments Pool 1, LLC as to the Amended Counterclaim (ECF No. 76). The Clerk shall not close the case.

IT IS SO ORDERED.

Dated this 12th day of July, 2017.

_____
ROBERT C. JONES
United States District Judge